BART BRENNAN, Plaintiff in Error, *v.* JOHN H. TRACY, Defendant in Error.

June 26, 1876.

1. In an action for malicious prosecution, the issue is, not whether the plaintiff was guilty of the crime for which he was prosecuted, but whether the plaintiff had probable cause to believe him so. It is not error to refuse testimony offered to show the plaintiff's intent in committing the acts alleged against him.

2. The question of probable cause does not depend so much upon the real facts as upon the honest belief of the party prosecuting. Innocence of the suspected party is not necessarily inconsistent with an honest belief of his guilt.

3. The question whether a publication calculated to affect the value of the stock in a banking corporation, and so to operate upon its business reputation, is libelous or not, cannot be determined by an exmaination of the assets and liabilities of the corporation. The true test is to be found in the market value of the stock.

4. In an action for malicious prosecution, it is not error to reject proofs of the plaintiff's good reputation when his character has not been assailed in the trial.

5. Although the court may properly inform the jury whether certain facts do or do not constitute probable cause for a prosecution, yet an instruction offered which states the facts partially, omitting some which should be considered in connection with those stated, and declaring that the facts stated do not amount to probable cause, is properly refused.

6. In Missouri, libel is a criminal offense.

7. Where words, which on their face appear harmless, have a covert meaning, implying an injurious effect, the libel may be as complete as if it were apparent in the common acceptation of the words.

8. A corporation may be the subject of a criminal libel.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*Daniel Dillon*, for plaintiff in error, cited: 2 Greenl. on Ev., secs. 454, 455; Stone *v.* Crocker, 24 Pick. 81; Humphries *v.* Parker, 52 Me. 505; 1 Bishop's Cr. Law, sec. 591; 2 Bishop's Cr. Law, secs. 907, 909, 918; The State *v.* Burham, 9 N. H. 34.

*Farish & Griffin*, for defendant in error, cited: Townsend, secs. 92, 263, 784 (2 ed.); 2 Stark. on Slander, 130;

Gillett *v*. Missouri Valley R. R. Co., 55 Mo. 315 ; May-
nard *v*. Fireman Ins. Co., 47 Cal. 207 ; 48 Ill. 87.

LEWIS, J., delivered the opinion of the court.

This is an action for malicious prosecution, originally
instituted against the Central Savings Bank, Henry C. Pat-
terson, and John H. Tracy.   A demurrer filed by the
Central Savings Bank was sustained, and the testimony
failing to connect the defendant Patterson with the prose-
cution complained of, he was discharged of liability in this
proceeding by an instruction, of which no complaint is
made by the plaintiff in error.   The points. saved in the
court below relate to defendant Tracy only, in whose favor
a verdict was rendered by the jury.

It appears from the record that the plaintiff was owner of
fifty shares of stock in the Central Savings Bank, at a time
when the market value was about $42 per share ; that he
caused, nevertheless, an advertisement to be published in
the daily papers of St. Louis offering his stock for sale at
$30 per share ; that, on the day when the advertisement
appeared, several offers were made to plaintiff for the pur-
chase of his stock at the price stated, but he refused to sell
at less than $50 per share ; that he sold it subsequently at
the price of $40.

It further appears that, upon affidavit and information
filed by defendant in the Court of Criminal Correction,
plaintiff was arrested upon a charge of libel, on account of
the advertisement above mentioned, and released upon bail
for his appearance ; that, after several continuances—the
plaintiff having on each occasion appeared for trial—the
cause was dismissed for want of prosecution.

Plaintiff complains that, in the trial of the present cause,
he was not permitted to testify what was his intention in
offering the stock for sale at $30 per share.  He claims that,
in order to constitute the offense of libel, there must be a
malicious intent to defame and injure.   This position may
be correct ; but the application fails.   The matter of inquiry

here was, not whether the plaintiff had in fact committed the offense of libel, but whether the defendant, in instituting the prosecution, had probable cause to believe that he had done so. His secret intentions, whether guilty or innocent, could form no part of the influences operating upon the belief of the defendant, and, therefore, had no relevancy to the question of probable cause. It may sometimes happen, as to particular facts necessary to constitute a criminal offense, that their non-existence will be the subject of legitimate proof in a case like the present. But this is because a knowledge of such non-existence may have reached the defendant, or may have been at least accessible to him, and so have negatived a reasonable ground for the prosecution complained of. The mere fact of intent in the accused party, known only to himself, and not made manifest by outward act, can never have any such operation. As was held in *Humphries v. Parker*, 52 Me. 505, the question of probable cause, in an action for malicious prosecution, does not always depend upon "the real and exact facts," but upon "the honest belief of the party prosecuting." Innocence of the suspected party is not necessarily inconsistent with such an honest belief of his accuser, nor does the former, so far as the illustration here proposed is concerned, tend in the least to disprove the latter. We cannot perceive that any harm was done to the plaintiff's case by the exclusion of which he complains. These considerations apply with like force to most of the points made by plaintiff upon the exclusion of testimony offered in his behalf.

The court refused to permit plaintiff to prove by the books of the bank, embodying an exhibit of its assets and liabilities, what the stock was actually worth at the time of his offer to sell. Here, again, the plaintiff was attempting to raise a false issue. The alleged libel, if it affected the stock of the bank at all, could reach it only through its market value. This was a matter, not of book-entries, but

of financial credit.   The bank was entitled to the full value of its reputation at the stock exchange, whether this was or was not justly founded on the state of its books.   A bank's business success depends hardly less upon its credit than upon the money in its vaults.   If the plaintiff's published offer to sell stock at a reduced price was libelous, by reason of injury maliciously done or intended against the credit of the corporation, the criminality of the act would remain, notwithstanding such credit might possibly also suffer detriment from an exposure of the internal management of the bank.   We find no erroneous action of the Circuit Court in this connection.   For the reasons already stated, and for others which should be yet more obvious, the court committed no error in excluding the testimony offered to show the value of the stock at the time of the trial.   If the market value had then depreciated, this may have resulted, in whole or in part, from the plaintiff's publication.

There was no error in the refusal of plaintiff's offer to prove a previous good reputation.   As this was not assailed, a well-known legal presumption established it without proof.

Plaintiff complains of the refusal to give an instruction asked by him, declaring that certain facts therein set forth, if they were all that had come to defendant's knowledge when he caused the plaintiff's arrest, were not sufficient to constitute the probable cause for the process of action.   It is true, as claimed, that the court may properly declare whether certain facts, if proved, will or will not constitute probable cause for a criminal prosecution.   But, apart from this, the instruction offered was refused upon grounds manifestly sufficient.   It ignored many particulars in the proofs which the jury could not disregard.   It made no allusion to the market value of the stock at the time of the publication, or to the plaintiff's knowledge thereof.   It omitted other important facts proved, which might have gone far to create

a reasonable belief in defendant that the plaintiff was guilty of a libelous publication. Whether the instruction as framed was true or not in the abstract, its necessary tendency, if given, would have been to mislead the jury into a disregard of some of the most important features in the controversy.

Several instructions were asked for, and refused, to the effect that the publication made by plaintiff was not a criminal offense in Missouri. That libel was an indictable offense at common law, and, as such, is embodied in the criminal law of this State, is too generally understood to need discussion here. But was it libelous for the plaintiff to advertise his stock for sale on any terms which he might choose to offer? " Words which on their face appear to be entirely harmless, may, under certain circumstances, convey a covert meaning, wholly different from the ordinary and natural interpretation usually put upon them." If, in such covert meaning, an injurious effect is implied, the offense of libel is as complete as if it were apparent in the common acceptation of the words employed. *Maynard* v. *Fireman Ins. Co.*, 47 Cal. 207. The question of injurious effect must be determined by the peculiar circumstances of each case. It is easy enough to discover a strong probability, at least, of injurious effects in a public offer to sell the stock of a banking corporation at a price greatly below its supposed current value. For the purposes of the present case, we have only probabilities to deal with. It was sufficient for the defense to show, as to any element of the crime of libel, that there was a reasonable probability of its existence.

It seems to be argued for the plaintiff, however, that there cannot be a criminal libel against a corporation, because the criminality, if any, lies wholly in the tendency to cause a breach of the peace, and a corporation cannot commit such a breach, or be provoked thereto. But, the premises here being false, the conclusion fails. It is by no

means essential to the indictable character of a libelous publication that it tend to provoke the commission of assault and battery by the party injured.   It is sufficient if the general tendency, either with or without reference to the party directly affected, be "to provoke animosity and violence, and to disturb the peace of society." *Rex* v. *Darby*, 3 Mod. Rep. 139.   Whatever may be the soulless condition of the corporation, its individual members may not be destitute of interest in its good fame, nor yet incapable of personal resentment.

The instructions given by the court for both parties, and of its own motion, were numerous and full—giving to the jury a clear and correct exposition of the law governing the case.   We can find no substantial error in any of the proceedings.   The judgment, therefore, is affirmed.   Judge GANTT concurs ; Judge BAKEWELL not sitting.