[No. 1295.]

H. C. FENSTERMAKER, APPELLANT, *v.* T. D. PAGE, RESPONDENT.

ACTION FOR MALICIOUS PROSECUTION—MALICE—PROBABLE CAUSE.—In order to sustain an action for malicious prosecution both malice and want of probable cause must be shown.

IDEM—EVIDENCE.—In an action for malicious prosecution, where plaintiff alleges that defendant instigated a prosecution against him for wounding cattle, the property of another, evidence by plaintiff that the cattle alleged to have been wounded belonged to himself is not admissible to show want of probable cause, where no offer is made to show that defendant knew, or should have known, that the cattle did not belong to another.

IDEM—NONSUIT.—Where plaintiff in such action fails to establish want of probable cause, a nonsuit is properly granted.

APPEAL from the District Court of the State of Nevada, Eureka County.

A. L. FITZGERALD, District Judge.

The facts sufficiently appear in the opinion.

*Wren & Cheney* and *Peter Breen,* for Appellant.

*Baker & Wines,* for Respondent.

By the Court, BELKNAP, J.:

This is an action to recover damages for an alleged malicious prosecution. The complaint charges that defendant falsely and maliciously, and without reasonable or probable cause, instigated a criminal proceeding against the plaintiff for the alleged crime of wounding cattle, the property of another man, by reason whereof plaintiff was damaged, etc. The cause was tried in the district court. When the plaintiff rested his case, a motion for nonsuit was allowed, based upon the ground of failure to prove want of probable cause for, and malice in, the prosecution of the criminal charge. Plaintiff must have shown both malice and want of probable cause to sustain the action. (*Stewart* v. *Sonneborn,* 98 U. S. 187; *Ricord* v. *Central Pac. R. R. Co.,* 15 Nev. 179.)

Appellant claims that evidence tending to prove these matters was erroneously excluded at the trial. The statute under which the criminal prosecution was had is as follows: "Every

person who shall willfully or maliciously wound or kill, with fire-arms, knives, or other deadly weapon, any cattle or domestic animal belonging to another person, * * * shall, on conviction, be punished by imprisonment in the state prison not less than one year nor exceeding three years, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment." (Gen. Stat. 4688.) Plaintiff, a witness in his own behalf, was asked the question: "To whom did those heifers belong?" This question was propounded for the purpose of showing, as asserted by counsel, that the prosecution was false and malicious, and without reasonable or probable cause. The court refused to allow the question to be answered, and its ruling is assigned as error.

The fact that the cattle wounded belonged to the defendant in the criminal case (the plaintiff here,) if such were the fact, was, of itself, immaterial, upon the issue of want of probable cause. The question upon this particular issue was not as to the guilt of the plaintiff upon the criminal charge, but whether the defendant had probable cause to believe him so, (*Brennan v. Tracy*, 2 Mo. App. 540,) and no offer was made in connection with the question of evidence showing that the defendant knew, or should have known, that the cattle wounded did not belong to another person. "The existence of a want of 'probable cause,'" say the court, in *Stewart v. Sonneborn*, 98 U. S. 194, "is, as we have seen, essential to every suit for a malicious prosecution. Both that and malice must concur. Malice, it is admitted, may be inferred by the jury from want of probable cause, but the want of that cannot be inferred from any degree of even express malice."

It is not claimed that any other evidence contained in the record tends to establish a want of probable cause for the prosecution of the criminal proceeding. The plaintiff's case, therefore, failed to establish this essential fact, and a nonsuit was properly granted. It is unnecessary to consider the othet assignments of error. Judgment affirmed.