### SIMON OBERNALTE V. JAMES JOHNSON.

FILED APRIL 26, 1893.   No. 4989.

1. **Malicious Prosecution**: PLEADING.   O. charged J. before a justice of the peace with the commission of a criminal offense. The jury found J. not guilty, and made a special finding in these words: "and that the complaint was made without probable cause." J. then sued O. for damages, alleging that the prosecution was malicious and without probable cause, and set out in his petition the special finding of the jury. *Held*, That it was error to everrule O.'s motion to strike such special finding out of the petition.

2. ————: EVIDENCE.   On the trial J. offered in evidence the verdict of the jury acquitting him of the offense with which O. charged him before the justice of the peace. *Held*, That that part of the verdict acquitting him was competent, although O.'s answer admitted that J. had been tried and acquitted. *Held further*, That it was error to permit the said special finding to be read in evidence to the jury.

3. ————: ————: HARMLESS ERROR.   The foregoing errors were, however, cured by the instructions of the court, and in this case were held to be without prejudice.

ERROR from the district court of Cass county.   Tried below before CHAPMAN, J.

*J. H. Haldeman*, for plaintiff in error.

*Wooley & Gibson, contra.*

RAGAN, C.

James Johnson sued Simon Obernalte in the district court of Cass county for damages for malicious prosecution, alleging that on the 2d day of September, 1889, Obernalte falsely and maliciously, and without probable or reasonable cause, charged the plaintiff before a justice of the peace with a crime, and caused said justice to make out a warrant and arrest the plaintiff, by which he was deprived of his lib-

erty; that on the 5th of September, 1889, the plaintiff was tried on the charge before said justice of the peace and acquitted, and that said prosecution is now ended and wholly determined; that by means of said false arrest, trial, and imprisonment, the plaintiff had been damaged. Petition also contained this clause: "And the jury in said cause found the complaint was made without probable cause." To this petition the defendant below filed a motion to strike out the words: "And the jury in said cause found said complaint was without probable cause." This motion the court overruled. The defendant then answered, admitting that he made the complaint before the justice of the peace, had the plaintiff arrested as alleged in the petition, and averred that the charges made against the plaintiff were true; that in the month of August or September, 1889, he was reliably informed that plaintiff was guilty of the offense with which he charged him before the justice of the peace; that he consulted the county attorney and truthfully laid all the facts before him, and thereupon caused the plaintiff to be arrested, and denied "that such arrest was made through malice or without probable cause, and denied that plaintiff had been damaged thereby." There was a trial to the jury, with a verdict and judgment for Johnson, and Obernalte brings the cause here for review.

There are only three assignments of error which we notice:

1. The overruling of the motion of the defendant below, to strike out of plaintiff's petition the words: "And the jury in said cause found said complaint was made without probable cause." This motion should have been sustained. It was not a material allegation in the petition, and no evidence could be adduced on the trial in support of such an allegation.

2. The introduction in evidence of the verdict of the jury in the criminal trial before the justice of the peace. This verdict was in these words:

"In Justice Court, before L. C. Stiles, Justice of the Peace.

" THE STATE OF NEBRASKA ⎫
          v.                        ⎬ Verdict.
JAMES JOHNSON, CHRIS NELSON. ⎭

"We, the jury, duly impaneled and sworn in the above entitled cause, do find the defendants not guilty, and that the complaint was made without probable cause.

"C. H. SMITH,
" *Foreman.*"

It is true the answer of the defendant admitted that he had caused Johnson's arrest, that he had been tried and acquitted. Nevertheless, that part of this verdict finding Johnson not guilty was competent evidence, but the words "and the jury in said cause found said complaint was made without probable cause" were clearly incompetent. The very question the jury, to whom this verdict was read in evidence, was sitting to determine was whether Obernalte, in the prosecution of Johnson in the case wherein the jury had acquitted him, had probable cause to believe him guilty of the offense with which he charged him before the justice of the peace, or whether his prosecution of Johnson was malicious and without probable cause. To permit this part of the verdict to be read was in effect to put in evidence against Obernalte the opinion of the jurymen in the state case that in causing Johnson's arrest Obernalte was actuated by malicious motives. We know of no rule of evidence under which that part of the verdict was competent, and it should have been excluded. (*Sweeney v. Perney,* 40 Kan., 102.)

3. The giving of instruction No. 8 by the court. That instruction is as follows: " The record and verdict of the criminal trial had before Justice Stiles, and which has been received in evidence before you, are proper to be considered by the jury only so far as it tends to show the institution and final determination of said criminal prosecution in the

·court below." We do not think there was any error in .this instruction. On the contrary, if it was out of the record, the case would have to be reversed. The court by giving it cured the other errors complained of and reviewed herein.

The plaintiff in error assigns as error the giving of other instructions by the court, but these are not insisted on in the brief of counsel. We have, however, carefully examined them and think the plaintiff in error has nothing ·of which to complain. The trial judge ·seems to have taken great pains to fully, fairly, and carefully instruct the jury on all the points in the case. The judgment of the ·court below is

AFFIRMED.

THE other commissioners concur.