CHARLES FREYMARK, Respondent, v. McKINNEY BREAD COMPANY, Appellant.

55 435
86 243

St. Louis Court of Appeals, December 5, 1893.

1. **Malicious Attachment:** PLEADING: AIDER BY VERDICT. The petition in an action for malicious attachment must allege either that the attachment proceeding has terminated in favor of the attachment defendant, or that it has terminated against him and that he had no opportunity to defend against it; nor is the want of such allegation cured by verdict.

2. ———: NATURE OF THE ACTION. *Held*, in the course of discussion, that the dissolution of the attachment is not sufficient in itself to sustain an action for malicious attachment by the attachment defendant; that the basis of such action is malice and the want of probable cause; and that the issue as to the want of probable cause is whether the acts and conduct of the attachment defendant were such as to warrant the belief that attachment would lie.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Christian & Wind* for appellant.

The petition does not allege that the attachment suit was finally determined in favor of plaintiff, and therefore does not state a cause of action. *Mooney v. Kennett*, 19 Mo. 551–555; *Sharpe v. Johnston*, 76 Mo. 660–669; *Pixley v. Read*, 26 Minn. 80; *Vinal v. Core*, 18 West Va. 24; *Rothschild v. Meyer*, 18 Ill. App. 284; *Miller v. Milligan*, 48 Barb. 37; *Gorton v. DeAuglis*, 6 Wend. 420; *Cardival v. Smith*, 109 Mass. 158; *Wheeler v. Nesbitt*, 65 U. S. 544; *Stewart v. Saumburn*, 98 U. S. 187. As the final determination cannot be implied from facts stated, the defect is not cured by verdict. *Mooney v. Kennett*, 19 Mo. 555; *Childs v. Railroad*, 17 S. W. Rep. 955, 956.

No brief filed for respondent.

BIGGS, J.—Action for malicious attachment. There was a judgment for five hundred dollars, from which the defendant has prosecuted an appeal.

It is claimed that the petition fails to state a cause of action, in that it fails to state that the attachment had terminated in favor of the defendant therein. In actions for malicious prosecutions, which are entirely analogous, it has been held necessary to aver and prove that the prosecution complained of had ended in an acquital. *Mooney v. Kennett*, 19 Mo. 551; *Sharpe v. Johnston*, 76 Mo. 660. Mr. Drake in his work on the law of attachments states it is a general rule that, in order to maintain an action for malicious attachment, it is essential to aver and prove the determination of the attachment in favor of the defendant therein. (Drake on Attachments [7 Ed.], sec. 729.) When, however, the defendant in the attachment had no opportunity to defend against it, the action may be main-

tained although the attachment terminated in favor of the plaintiff. (*Bump v. Betts*, 19 Wend. 421). But in either case the petition must show affirmatively that the attachment has terminated.

Some of the authorities hold that the want of such an allegation is cured by verdict. Under our practice this could not be, if such fact is one of the essential or constituent elements of the cause of action. The verdict will only make good an *imperfect* or insufficient statement of material facts. *Grove v. City of Kansas*, 75 Mo. 672.

We think it evident that the rules of pleading applicable to actions for malicious prosecutions must necessarily govern in suits for malicious attachment. As the plaintiff's petition herein failed to state either directly or inferentially that the attachment had ended favorably to him, or a state of facts tending to show that he was deprived of an opportunity to defend against the attachment, we must hold that it failed to state a cause of action and that for this reason the judgment must be reversed.

In view of a retrial we think it necessary to suggest that, if the attachment has been dissolved or otherwise finally settled in the plaintiff's favor, the truth of the alleged grounds of attachment would not be the issue. That question would be *res adjudicata*. The issue would be whether the attachment was sued out maliciously and without probable cause. *Walser v. Thies*, 56 Mo. 89; *Hayden v. Sample*, 10 Mo. 138; *Brennan v. Tracy*, 2 Mo. App. 540. Probable cause has been defined to be "belief founded on reasonable grounds." In other words, the issue would be whether the acts and conduct of the defendant in the attachment were such as to warrant the belief that attachment would lie. On the trial of such an issue, all the facts and circumstances attending the issuance of

the writ of attachment may be inquired into for the purpose of determining whether the plaintiff in the attachment had reasonable grounds to act, but not for the purpose of determining whether the alleged grounds of attachment were true or false (authorities above cited). Upon such an inquiry it has also been decided by this court that evidence of the intentions of the the attachment debtor is inadmissible, unless it appeared that such intentions had been made manifest by some outward act, or had been disclosed or were known to the plaintiff in the attachment prior to the issuance of the writ. *Brennan v. Tracy, supra.*

With the concurrence of the other judges the judgment will be reversed and the cause remanded. It is so ordered.