EDWIN H. KELLEY, Appellant, v. JOSEPH A. OSBORN et al., Respondents.

St. Louis Court of Appeals, December 4, 1900.

1. **Malicious Attachment: PETITION: EVIDENCE.** To maintain an action for malicious attachment, it must be pleaded and proven that the attachment suit was malicious, without probable cause, and has ended.

2. ————: ————: PROBABLE CAUSE. Probable cause consists of a belief in the charge on facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation.

3. ————: ————: PETITION: CAUSE OF ACTION: VOLUNTARY PAYMENT: MONEY HAD AND RECEIVED: ASSUMPSIT. A petition states a cause of action in the nature of assumpsit, for money had and received, which states the setting up by defendant of a false claim in an attachment suit, and that process in that action was unlawfully employed to reach certain wages wholly exempt from such process, with the specific intention on the part of the defendant, of preventing plaintiff from receiving such wages, whereby plaintiff was put to the necessity of losing the immediate use of such exemption for the support of himself and family, and also losing his position as the employee of garnishee; and that to secure the release of such seizure of his wages plaintiff paid the false claim of defendant.

4. ————: ————: ————: DEMURRER: PRACTICE, TRIAL: SPECIAL DEMURRER. A petition which is open to objection on special demurrer should not be adjudged wholly insufficient if it states any cause of action.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

REVERSED AND REMANDED.

*S. L. Isbell, F. H. Sullivan* and *William B. Armstrong* for appellant.

It seems almost self-evident that the petition states a cause of action for the wrongful and malicious suing out of a writ of attachment without probable cause. State v. Thomas, 19 Mo. 613; Alexander v. Harrison, 38 Id. 258; Walser v. Thies, 56 Id. 89. Independent of the wrongful suing out of a writ of attachment, the facts stated in the petition make a case for damages for the wrongful and malicious garnish-

ment of a debt which the creditor knew to be specifically exempt. Furniture Co. v. Little, 108 Ala. 399; Waugh v. Dabney, 12 Tex. Civ. App. 290. The deprivation of wages by improper means will be remedied by the courts. Kelly v. Seifert, 71 Mo. App. 143.

*Albert C. Davis* for respondents.

(1) To sustain an action for malicious attachment it must be alleged: (a) That the attachment was malicious; (b) that the attachment was without probable cause; (c) that the proceedings had terminated in favor of defendant in the attachment suit. Witascheck v. Glass, 46 Mo. App. 209; Moody v. Deutsch, 85 Mo. 237; Freymark v. McKinney, 55 Mo. App. 435; Mooney v. Kennett, 19 Mo. 551. (2) The petition can not be tortured into one for the recovery of money paid under duress, because the facts pleaded do not constitute duress. There was no possession of plaintiff's goods. Dausch v. Crane, 109 Mo. 323; Dustin v. Farrelly, 81 Mo. App. 380. (3) Respondent had a right to attach appellant in the State of Illinois if there was probable cause for so doing.

BOND, J.—The petition in this case is as follows:

"Plaintiff states that defendants are father and son and that plaintiff is now and has been for many years a resident of St. Louis, Missouri, and a married man being the head of a family residing therein; that during all that time plaintiff was a workman in the employ of the Pullman Palace Car Company, a corporation doing business in this state and having offices and places of business in the county of St. Clair, state of Illinois. That under section 5220 of the Revised Statutes of Missouri, plaintiff as such head of a family is not liable to have his wages for the last thirty days' service

garnished or attached and that under the laws of the state of Illinois similar protection is provided working people having such exemption claims, said law being embodied in chapter 62, section 34, subsection 3, of the Revised Statutes of Illinois of 1895 and being as follows:

" 'And whenever in any proceeding in any court of this state to subject the wages due to any person to garnishment it shall appear that such person is a non-resident of the state of Illinois; that the wages earned by him were earned and payable outside the state of Illinois; the said person whose wages are so sought to be subjected to garnishment shall be allowed the same exemption as is at the time allowed to him by the law of the state in which he resides.'

"That from the tenth of August, 1899, to September 10, 1899, there was wages earned by plaintiff during that time and payable in St. Louis, Missouri, all of which was well known to the defendants. That on the seventeenth day of August, 1899, the defendants maliciously contriving against plaintiff and falsely pretending and claiming that plaintiff was indebted to them in the sum of $17 for rent, and with intent to oppress and injure plaintiff, filed an unlawful attachment suit for said sum of $17 before James J. Ard, a justice of the peace within the city of East St. Louis, St. Clair county, state of Illinois, falsely and unlawfully swearing therein that plaintiff was 'about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors,' and forthwith caused plaintiff's employer to be summoned as garnishee with the purpose and intent of preventing plaintiff from receiving his said wages.

"The plaintiff was notified by his employer of said garnishment and not being able by reason of his being constantly employed to defend said suit in another state without great sacrifice of time and wage money and the expenditure of large sums in the way of legal costs and expenses and having

a family dependent on him and being in fear that his position would be jeopardized by reason of the trouble and annoyance caused by said unlawful litigation and impelled by and under such duress, did pay said defendants and their legal representatives said sum of $17 and the costs of said suit before it came to trial, aggregating $21.90 and obtained a release and delivered the same to his employer, for which sum of $21.90, together with punitive damages in the sum of $1,000 plaintiff prays for judgment and for costs."

The court sustained a general demurrer to the above petition, and upon the declination of plaintiff to plead further, rendered judgment against him, from which he appealed to this court.

It was the evident intention of the pleader to set forth in the foregoing petition a cause of action for malicious attachment. Such a suit, as to the predicates of malice, want of probable cause, and termination of the former action, is exactly like an action for malicious prosecution, hence the concurrence of these three elements must be shown, in order to entitle the plaintiff to recover. Freymark v. McKinney Bread Co., 55 Mo. App. 435. In speaking of the elements of an action for malicious prosecution this court has said: "To maintain an action for malicious prosecution, it must be shown that the prosecution was malicious and without probable cause, and has ended. Sharoe v. Johnson, 76 Mo. 660. 'Probable cause consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation.' Boeger v. Langenberg, 97 Mo. 390." Firer v. Lowrey, 59 Mo. App. l. c. 96. The foregoing petition charges respondents with falsely and unlawfully swearing to certain statutory grounds of attachment. This allegation does not necessarily signify that respondents made the affidavit in question without belief in its truth, or without any reasonable grounds

for such belief. The foregoing petition was therefore fatally defective in omitting a constituent element of the cause of action intended to be set forth, but as the learned trial judge dismissed plaintiff's suit *in toto,* which he should not have done if the petition adequately sets forth any cause of action, the inquiry still remains whether plaintiff is entitled to recover upon the facts stated in his petition upon a different theory from that upon which it was rested. The petition undoubtedly states the setting up by respondents of a false claim in the attachment suit begun in East St. Louis, Illinois, and it also states that process in that action was unlawfully employed to reach certain wages wholly exempt from such process, with the specific intention on the part of respondents of preventing appellant from receiving such wages, whereby appellant was put to the necessity of losing the immediate use of such exemption for the support of himself and family, and also losing his position as the employee of the garnishee; that to secure the release of such seizure of his wages appellant paid the false claim of respondents. A payment so made was not in the eye of the law a voluntary payment and did not debar the appellant from bringing an action for the amount of such payment as for money had and received. A case exactly in point was before the Supreme Court of Massachusetts, and in an opinion by the Chief Justice it is said: "This is not an action of tort, to recover damages for malicious prosecution, or abuse of legal process, but an action of contract, in the nature of assumpsit, for money had and received by the defendants, which they have no legal or equitable right to retain as against the plaintiff. Although the process sued out for the defendant was in due form, yet if, as was offered to be proved at the trial, he fraudulently, and knowing that he had no just claim against the plaintiff, arrested his body or seized his goods thereon, for the purpose

of extorting money from him, then according to all the authorities, the payment of money by the plaintiff, in order to release himself or his goods from such fraudulent and wrongful detention, was not voluntary, but by compulsion; and the money so paid may be recovered . back, without proof of such a termination of the former suit as would be necessary to maintain an action for malicious prosecution." Chandler v. Sanger, 114 Mass. l. c. 365. Under the doctrine of this case we think the learned trial judge erred in dismissing plaintiff's suit on the foregoing petition, which, although open to special demurrer upon proper ground, should not have been adjudged wholly insufficient to set forth any cause of action. The judgment herein is therefore reversed and the cause remanded. All concur.