BANK OF MILLER ET AL. V. JAMES E. RICHMON.

FILED APRIL 30, 1903.  No. 10,303.

1. **Malicious Prosecution:** PROBABLE CAUSE: QUESTION OF LAW: WAIVER. Whether or not a given state of facts constitutes probable cause for procuring plaintiff's arrest is ordinarily a question of law. Where, however, defendants have requested special findings substantially embracing this question, they can not afterwards complain of an instruction submitting its decision to the jury.

2. **Evidence:** SPECIAL FINDINGS. Evidence *held* to support the special findings in this case if the jury accepted plaintiff's testimony, as they had a right to do.

3. **Malicious Prosecution:** EVIDENCE. Defendants having procured plaintiff's arrest on the ground that there was danger that he would leave the state to avoid an examination in proceedings in aid of execution, the county judge's finding that the evidence did not disclose such intention is admissible in evidence at the trial of plaintiff's action for malicious prosecution based on such arrest and proceedings, especially where the termination of such proceedings is disputed.

4. **Evidence of Intention:** ERROR. Evidence of plaintiff as to his intentions with regard to leaving the state, and as to his arrangements, about the time of his arrest, to remain, defendants not being chargeable with knowledge of either, and such proof merely tending to show plaintiff's innocence of the charge made by defendants, is immaterial in an action of malicious prosecution, and, where it may have created some sympathy for plaintiff, its admission is prejudicial error.

5. **Instruction:** PROCEEDINGS IN AID OF EXECUTION: ARREST. It is not error to refuse, in an action for maliciously procuring plaintiff's arrest in proceedings in aid of execution, an instruction that makes an intention on the part of plaintiff to leave the state a sufficient ground for arresting him. The statute only permits arrest where there is danger defendant will not obey a citation to appear.

ERROR to the district court for Buffalo county. HOMER M. SULLIVAN, DISTRICT JUDGE. *Judgment of reversal adhered to.*

*Willis L. Hand,* for plaintiffs in error.

*Willis D. Oldham, Norris Brown,* and *H. M. Sinclair, contra.*

HASTINGS, C.

The judgment for plaintiff below in this case was re-
versed. 64 Neb. 111. The case has been reexamined prin-
cipally upon the fifth ground urged, namely, the claim
that the question of probable cause was submitted to the
jury by the plaintiffs in error in asking for special find-
ings, and that consequently defendants are in no position
to claim error because instruction 7 submitted this ques-
tion of law to the jury. We will examine, seriatim, the
five grounds for rehearing.

The first is that the legal effect of the portion of instruc-
tion 7, which was excepted to by plaintiffs in error, was
misapprehended. An examination of the record discloses
that only so much of this instruction as is embraced in
the first three sentences down to the word "circumstances"
is excepted to and is complained of in the petition in error.
We still think, however, that the second sentence in the
instruction contains the vice which the former opinion
found in it. That sentence is as follows:

"It is for you to determine whether or not such infor-
mation, if he had the same, was sufficient to justify him
in instituting the proceedings against the plaintiff."

It seems clear that this sentence submitted to the jury
in express terms the question of whether the facts alleged,
if found to be true by the jury, were sufficient to constitute
probable cause which would justify the defendants' action.
The first ground for rehearing, then, was not well taken.

The second ground is like unto it, and should be disre-
garded for the same reason. It is a complaint that the
entire instruction was inadvertently considered as having
been excepted to, and that the vice is not in the portion
which was excepted to. It is sufficient as to this to repeat
that the sentence above is in the portion of the instruction
excepted to.

The third ground of rehearing is that the commission
was misled to believe that the facts were undisputed when

they were not so.   No portion of the opinion is cited which
indicates such an impression and an examination of it
reveals nothing which indicates that the former opinion
was written under any impression that the facts claimed
by way of defense were not disputed, and we see no ground
for reexamining the case for this reason.

The fourth ground of rehearing is that the objection to
instruction 7, for which the case is reversed, was not
raised by plaintiffs in error and therefore should be deemed
waived.   The first two paragraphs of instruction 7 were
expressly excepted to on the records, and error in them
expressely complained of in the petition in error.   The brief
of plaintiffs in error complains expressly of the first and
second paragraphs of this instruction, and on page 21 of
that brief counsel expressly complain that it was a ques-
tion of law for the court as to whether or not the facts
known to Maddox, in connection with the advice he re-
ceived from counsel, constituted probable cause and a
justification of the arrest.   This, surely, is an objection
to the jury's passing on that question of whether or not
these facts were a justification.   In our opinion, counsel
are right in claiming that whether or not these facts, if
found, would constitute a justification, was a question of
law, and, so far as that question is concerned, the former
opinion should be adhered to, unless the error is to be
deemed waived because of the special findings on pages 9
and 10 of the record.

These special findings were requested by the defendants.
The first is to the effect that defendants did not fully and
truthfully state the facts to their attorney, and did not use
reasonable diligence to ascertain them.   The second an-
swers "No" to a question as to whether the attorney ad-
vised the arrest, and whether defendants acted entirely on
the advice.   The third says that defendants had no reason-
able cause to believe there was danger that plaintiff was
about to leave the state to avoid examination.

Did these findings, and especially the third one, submit
to the jury the whole question as to probable cause for

making the arrest? Is "reasonable cause" to believe there was danger that Richmon would leave the state to avoid an examination, the same thing as "probable cause" to procure his arrest on that ground? It is hard to distinguish them. We think the asking of these findings left the defendants no room to complain of the submission of the whole question of probable cause to the jury. The complaint made of this instruction was chiefly because it separated the defense of advice of counsel from that of the existence of probable cause, and almost eliminated the whole matter of counsel's advice. If the first finding, however, is sustained by the evidence, there is no room for protection on that ground. The first finding expressly says that a true statement to counsel was not made, nor reasonable diligence used to ascertain the facts. If this finding is upheld, there is no longer any question of advice of counsel in the case. If the findings are correct, and the evidence sustains them, of course the general verdict becomes unimportant, except as to the amount of damages.

These special findings and their significance seem to have been overlooked at the former hearing. It is conceded that plaintiff's arrest was procured. The jury has here found that the defendants did not make a full statement to the attorney, and did not have reasonable cause to believe in the truth of the accusation, and did not make reasonable investigation as to the facts, and did not act solely upon the attorney's advice. No complaint is made as to the assessment of damages, and there seems no question that, if these special findings are upheld, and there was no error in reaching them, the judgment should be affirmed.

Defendants insist that these special findings asked by them do not have the effect to submit to the jury the whole question of probable cause, and, still more earnestly, that the findings as to the disclosure to the attorney are not sustained by the evidence, and that, in any event, the facts shown in the record abundantly establish probable cause for defendants' action in causing plaintiff's arrest.

As we have concluded that the error in the seventh instruction must be deemed waived by the submission of the special findings, it becomes necessary to examine the evidence to see if those findings are supported, and whether it shows probable cause for defendants' action; that is, taking the most favorable reasonable construction for plaintiff, and giving him the benefit of all disputed matters in the evidence, does this evidence still show a full disclosure to the attorney and action on his advice in good faith, and does the record show probable cause for believing that there was danger plaintiff would depart the state?

We have gone somewhat carefully over the evidence, and we find that the vice-president of the bank, Mr. Maddox, testifies to two conversations with plaintiff, both of which are denied by the latter in the terms stated by Maddox. In the first Maddox claims to have been told by Richmon that the latter would never pay his debt to the bank. This is wholly denied. At a subsequent conversation Maddox claimed to have been told by Richmon that the latter did not care for the judgment, but was going to leave the state as soon as the replevin suit between his brother and the bank over some horses seized on this claim was settled. This, too, is denied. Both of these conversations were among the facts stated to counsel in getting his advice as to the institution of proceedings for the arrest. The witness Cross also denies the statement attributed to him by Maddox that plaintiff was arranging to leave the state by a three o'clock train the next morning. Counsel is not justified on this record in saying there is no discrepancy in the facts as stated by the witnesses. If these facts are taken out, as they must be after the special finding, there is hardly enough to warrant a holding that what is left shows a reasonable ground for the arrest. Malice might be presumed from the want of reasonable cause, and also from the misstating of the facts which the jury found had taken place. We are not prepared to say that these findings are unsupported by the evidence. While it was undoubtedly erroneous for the court to submit to the jury the

question whether the facts found constituted probable cause, defendants, having asked such a finding, can not complain.

Defendants insist upon five points, which they say were not passed upon at the former hearing. The first is that not only the plaintiff's discharge, but the findings of fact made by the county judge, were permitted to go to the jury in the present case, and particularly his finding as to plaintiff's non-intention to leave the state. The county judge made a finding that the allegations of defendants' affidavit, that plaintiff was about to leave the state, were not sustained by sufficient evidence. This finding was objected to as not proper for the jury to consider, incompetent, immaterial and irrelevant. The objection was overruled, and the record of the finding admitted "for the purpose of showing that the plaintiff was acquitted of the charge that he was about to leave the state to defraud creditors."

Defendants cite *Obernalte v. Johnson*, 36 Neb. 772, as showing that this was error. The precedent is rather the other way. In *Obernalte v. Johnson* the verdict of acquittal is held admissible, but an added finding that the complaint was without probable cause inadmissible. Following that precedent, the finding as to plaintiff's intention to leave the state to defraud his creditors would be admissible. It would seem that it was admissible to show the final termination of the proceedings in aid of execution, if not as *prima facie* proof of want of probable cause. *Secor v. Babcock*, 2 Johns. (N. Y.) 203; *Smith v. Ege*, 52 Pa. St. 419.

A second claim of error not passed upon in the former opinion is the admission of proof of statements and conduct of plaintiff which were not shown to have been brought to defendants' knowledge till the trial, and tended to indicate that plaintiff on the night of his arrest was not intending to leave the state. Plaintiff at the trial was asked if on the day of his arrest, or for thirty days prior thereto, he had any intention to leave the state to

avoid an examination as to his property. This was objected to as incompetent, irrelevant and immaterial, and after the answer was taken a motion was made and overruled to strike it out for the same reason. In *Turner v. O'Brien*, 11 Neb. 108, testimony of plaintiff, that he acted in good faith in threshing and selling the wheat for the larceny of which defendant had procured his arrest, was excluded, and this court say (p. 112):

"The question of Turner's good faith in threshing the grain was not before the jury. That he was not guilty of larceny, the crime for which he was prosecuted, was established by his discharge by order of the court of Washington county upon the failure of the grand jury to indict him, and no further inquiry on that point was necessary or proper. His method of threshing and hauling the grain, whether done in an open and public manner, as tending to show the want of good faith on the part of O'Brien in charging him with having stolen it, was pertinent and proper to be proved, but the secret intent of Turner in threshing and removing the grain is irrelevant in this case."

If this is the accepted view of the law in this state, then there was manifest error in admitting this testimony, as well as that of plaintiff and other witnesses as to his arrangement to return to Miller the next day. It is not claimed that defendants had any knowledge of these arrangements.

The cases bearing on this question, as to the right of plaintiff in a malicious prosecution case to show innocence of the charge brought against him by defendant, are collected in Century Digest, vol. 33, col. 1965. Many of them seem to be cases like that of *Casebeer v. Rice*, 18 Neb. 203, in which the defendant was chargeable with knowledge of the facts. *Turner v. O'Brien, supra,* cites no authority, but seems to be supported by *Brennan v. Tracy*, 2 Mo. App. 540; *Fenstermaker v. Page*, 20 Nev. 290, 21 Pac. 322; *King v. Colvin*, 11 R. I. 582; and apparently by *Thompson v. Beacon Valley Rubber Co.,* 56

Conn. 493. It is opposed to *Patterson v. Garlock,* 39 Mich. 447, a case which cites no authority, and to *Winemiller v. Thrash,* 125 Ind. 353, and *Long v. Rogers,* 17 Ala. 540.

The reasoning in *Turner v. O'Brien* seems sound. The general rule seems to be that defendant can only justify on the facts known to him when he institutes the prosecution. Cooley, Torts (1st ed.), *183, and cases. It would seem, as long as this is true, and it is admitted even in the cases holding evidence of innocence admissible, that it is not necessary, and, as it plainly tends to obscure the real issue of malice and want of probable cause, that the rule of *Turner v. O'Brien* should be adhered to, and that the admission of this evidence in this case was error.

It is complained that evidence was refused which tended to show that plaintiff was well able to pay this debt. We are not cited to any place in the record where such evidence was refused. In connection with his alleged refusal to pay in 1897, proof of his ability to do so would be material, but ability to do so during the previous years would hardly seem to furnish any inference as to his intention to leave the state in January, 1898.

It is urged that there was error in refusing the thirteenth instruction asked by defendants. The instruction seems to have been properly rejected. It told the jury that if the circumstances were such as to indicate to a discreet and prudent person that plaintiff was about to depart from the state, defendants had a right to detain him. Of course, the real question was not whether plaintiff had an intention to leave the state, but whether there was danger that he would carry out such intention, regardless of citation to appear for examination as to his property. The right to arrest is merely ancillary to that of bringing the execution defendant before the examining court. If there was danger that this could not be done without his arrest, then his arrest was authorized.

For error in admitting the evidence indicated it is recommended that the former judgment of reversal be

adhered to, and the cause remanded, for further proceedings.

KIRKPATRICK, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of reversal is adhered to and the cause remanded for further proceedings.

JUDGMENT OF REVERSAL ADHERED TO.