OLIVER JACOBSON, APPELLEE, V. LEOPOLD DOLL, APPELLANT.

FILED JUNE 26, 1908.  No. 15,225.

1. **Malicious Prosecution:** EVIDENCE. In an action for malicious prose-
cution upon a complaint to prevent crime, it is not error to admit
in evidence the finding of the magistrate that there was no just
cause for complaint. *Obernalte v. Johnson,* 36 Neb. 772, dis-
tinguished.

2. ————: JUSTIFICATION. A threat to inflict personal violence upon a
trespasser if he persisted in his wrongdoing will not justify him
in prosecuting the author of the threats upon a complaint to
prevent such personal violence.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*John D. Ware* and *J. J. O'Connor,* for appellant.

*B. N. Robertson, contra.*

EPPERSON, C.

The plaintiff was arrested, detained and tried upon the
complaint of the defendant, who alleged that "he has just
cause to fear and does fear that Oliver Jacobson will * * *
unlawfully kill complainant." Upon the trial the magis-
trate dismissed the complaint and discharged the plaintiff
from custody. Plaintiff brought this action to recover
damages, alleging that the prosecution was malicious and
without probable cause. Upon trial the plaintiff intro-
duced in evidence a transcript of the proceedings had be-
fore the magistrate, which contained a finding that "there
is no just cause for complaint." The admission of this
finding is assigned as error.

Defendant cites us to *Obernalte v. Johnson,* 36 Neb.
772. That action was for the malicious prosecution of the
plaintiff therein for an alleged crime. It was held that
the admission in evidence of the jury's finding that the
complaint was without probable cause was error. We

find, however, that in the trial of a complaint for the prevention of crime the magistrate is required to ascertain whether or not there is just cause for the complaint. Criminal code, sec. 270. If there is no just cause for the complaint, it is expressly made his duty to discharge the accused. The finding that there is no just cause is not equivalent to a finding that the prosecution was malicious or that it was without probable cause. It is equivalent to a finding of not guilty in the trial of a criminal case. In *Obernalte v. Johnson, supra,* it was held that such a finding was competent evidence.

The defendant further contends that the verdict is not sustained by sufficient evidence. The verdict was for $1,291. The plaintiff filed a remittitur of $1,000, and judgment was rendered for $291. We have examined the record, and find that there is a conflict in the evidence which goes to prove or disprove malice and the want of probable cause. There is no doubt but that the plaintiff herein, prior to the criminal prosecution, had made threats of personal violence against the defendant. Their difficulties arose from a dispute over a tract of land. Both parties apparently in good faith claimed the ownership thereof. The threats depended upon by defendant when he filed the complaint were, in effect, that plaintiff would do him physical injury if he trespassed upon the disputed land, of which plaintiff was in possession, occupying it as his home. Defendant knew that plaintiff claimed title thereto. The civil courts were open to hear whatever title the defendant might assert and to give him whatever relief he was entitled to. He attempted to forcibly enter and dispossess the plaintiff. We do not know to whom this land belonged, but it is apparent that plaintiff had obtained peaceable possession thereof, and had peaceably occupied the same for a number of years. At the time of the conditional threats, above mentioned, the defendant himself was threatening to forcibly enter the land, and for the purposes of this suit he must be considered a trespasser. The evidence fails to disclose that the defendant

had any reason whatever to believe that he would have been in danger of personal violence so long as he would abide the law. Immediately upon the arrest of the plaintiff, the defendant took possession of the property. The evidence is strongly suggestive that the arrest was occasioned for the purpose of permitting the defendant to obtain the possession of the property, and not for the purpose of protecting his life against the threatened violence of the plaintiff.

The judgment is not excessive. It is supported by the evidence, and we recommend that it be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.