Springer, J.,
with whom Steffen, C. J., agrees, dissenting:
This case involves a woman who was a regular customer of a video store called Video Express. One day she returned several movies that she had rented, but, unexplainably, one of the movies that she returned, “The Serpent and the Rainbow,” did not get properly accounted for at the video store. Now, it may be that Ms. Lester misplaced this one movie and did not return it as she claims to have done; or, it may be that the movie was misre-corded in the video store’s computerized record system. It really does not matter. Ms. Lester is not a criminal. If Ms. Lester is responsible for the cost of a lost or misplaced video tape, this is a matter that should be resolved in the civil courts, not the criminal courts. The frightening aspect of this case is that Video Express *1432 was able, successfully, to use the police, the district attorney and the criminal process to enforce its civil claims.
No one involved in this case has ever suggested that Ms. Lester did anything wrong. No one has suggested that Ms. Lester absconded with the movie or that she secreted it for her own personal use. The very worst thing that can be accused in this case is that Ms. Lester failed to return one of her rental movies in the time provided in her rental contract.
The criminal complaint does not appear in the record so I have no way of knowing how a criminal charge might have been contrived to apply to a case like this; but I do know that Ms. Lester is not a criminal and that Video Express was acting in a terribly wrong and oppressive manner when it caused Ms. Lester to be arrested in front of her children and dragged down to the city jail. The owners and managers of Video Express, who are responsible for this ignominy, should be required to account to Ms. Lester for the torts that they have committed against her. Because the denial of Ms. Lester’s appeal is contrary to the law and manifestly unjust, I dissent.
The core of Video Express’s liability for its malicious prosecution of Ms. Lester lies in the manner in which it customarily abused criminal process in order to collect its civil claims.[1] Video Express tries to shrug its shoulders and shake its head, saying, “We did not file the criminal complaint; some police officer did.” The Video Express owners should not be able to avoid liability in this way. The record shows that it was the custom and practice of this business to pursue criminal actions in cases based entirely upon customers’ not returning video tapes after they received mail notice that the tapes were overdue. As a matter of practice, Video Express, in pursuing criminal actions against its video customers, did not give any consideration to the necessary elements of criminality set out in the statute (NRS 205.940(2)), namely, an “intent to defraud” or the criminal “intent to . . . retain possession of such property without the lessor’s permission.” If customers did not respond to their mail notice that a *1433 video was not returned on time, they were turned over to the police without any consideration being given to the necessary elements of fraud or an unlawful intention to retain possession of Video Express’s property. That this is the case is made clear by documents filed by Video Express in the district court.
In examining the defendant’s motion for summary judgment, I learned about the unlawful collection practices adopted by Video Express. Approximately ten days after the company’s computer system indicated that a video tape had not been timely returned, the company would send a certified letter to the renter advising of that fact. Video Express’s moving papers tell us that if the certified letter “failed to prompt the return of the movies, the Video Express employee would print out a copy of (1) the customer’s file and (2) the movie file.” Then, “[tjhis information along with a copy of the certified letter and postal receipts would be attached to the original rental contract and the original rental receipt for the movie in question.” The third step in the process, according to the moving documents, was for Video Express to turn the matter over to its collection agency, the Reno Police Department:
This information would then be delivered to the Reno Police Department. Movie Express then had no further involvement in the criminal process other than to testify at trial, if necessary.
As I have pointed out, Movie Express was able to get its delinquent renters arrested merely by delivering the described “information” (that the certified letter “failed to prompt the return” of the video tape) to the police department. Video Express, the Reno Police Department and the District Attorney of Washoe County should not be allowed to get away with these kinds of oppressive practices.
The certified letter to Ms. Lester did in fact “fail to prompt the return” of “The Serpent and the Rainbow,” because Ms. Lester had already returned it, or so she claims. In any event, whether it got back on the shelves or not, there is no suggestion that Ms. Lester did anything wrong, much less criminal, with respect to the missing video tape.
I see no point in engaging in a discussion of the law of malicious prosecution. It appears to me that Ms. Lester was the victim of Video Express’s practice of reporting its customers to the police for prosecution based solely on customers failing to answer its certified letter. No information was provided to the police or to the district attorney concerning the mens rea of this crime, namely, that the customer was guilty of fraud or intentional retention of a video tape “without permission.” Bringing *1434 criminal charges in this way, causing their delinquent renters to be arrested by the police, is on its face an arrest without probable cause. Under our law, malice is inferred from such misconduct. See Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824 (1962); Bonamy v. Zenoff, 77 Nev. 250, 362 P.2d 445 (1961); Gattshall v. Sizemore, 71 Nev. 106, 281 P.2d 400 (1955); McNamee v. Nesbitt, 24 Nev. 400, 56 P. 37 (1899); Cassinelli v. Cassinelli, 24 Nev. 182, 51 P. 252 (1897); Fenstermaker v. Page, 20 Nev. 290, 21 P. 322 (1889).
Summary judgment is entirely unwarranted in this case. I would reverse the judgment of the trial court.

The majority claims that “the record is devoid of any evidence” that the criminal prosecution was “commenced” at “the direction, request, or pressure of Video Express,” yet at the same time argues that Video Express “submitted the police report [that is to say, initiated criminal proceedings] in the good faith belief that [Ms. Lester] did not return the property.” What the majority overlooks is that it is not a crime “not to return the property” and that absent an intent to defraud or to retain possession unlawfully, no criminal proceedings could be properly brought against Ms. Lester. Ms. Lester’s testimony that she believed that Video Express preferred criminal charges against her “because they believed that the movie had not been returned” is immaterial. It is Video Express’s having Ms. Lester arrested merely because of the “belief” that she did not timely return a video tape that comprises the tortious conduct in this case.