CASE 80—ATTACHMENT, BAR—JANUARY 8, 1885.

82   505
f127   664

## Hall v. Forman, &c.

### APPEAL FROM CLARK CIRCUIT COURT.

1. Where a defendant has already recovered from the plaintiff in an attachment damages in general for maliciously causing the attachment to be issued, he can not afterwards maintain an action on the attachment bond to recover special damages.
2. Having chosen to sue for malice, etc., he is barred from his suit on the bond. The former includes the latter.

W. N. BECKNER, GEORGE B. NELSON FOR APPELLANTS.

We contend that the suing out of the attachment without sufficient cause, and the vexatious and malicious attack upon the character and sensibilities of appellant constituted two distinct legal injuries, for which the law has provided separate modes of redress. In the former case an adequate remedy is afforded in the bond required to be executed by an attaching creditor. In the latter the defendant in the attachment has the same remedy that he would have for any other wrong committed to his person or character, viz, an action on the case for damages. (Petitt v. Mercer, 8 B. Mon., 54; Reidhar v. Berger, Ib., 160; Walker v. Mitchell, 18 Ib., 544; Burr v. Woodrow, 1 Bush, 602; Addison on Torts, 965; Civil Code, section 83.)

HAGGARD & JONES FOR APPELLEE.

Appellant is in the poorest imaginable attitude to complain, having already

sued for malice, in which he could not only recover for the damages claimed in this action, but punitive damages besides. (Hansford v. Payne, 11 Bush, 380; Connor v. Paul, 12 *Ib.*, 144.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This action was brought against D. W. Forman and his surety, W. H. Forman, upon an attachment bond to recover the *special* damages embraced by it.

A previous recovery of the *general* damages in an action against D. W. Forman alone, for the wrongful and malicious suing out of the attachment, was relied upon in bar of the action.

It is admitted that the relief asked and obtained in the former action was confined to the injury arising from loss of credit, impaired reputation and injured feelings ; while the petition in this case seeks to recover for the expense and loss of time in defending the attachment, attorney's fees and costs incurred in doing so, and the loss of or injury to the attached property by its seizure and sale.

The only question, therefore, presented by this appeal is whether the satisfied judgment for the *general* damages, or those which resulted necessarily from the injury, is a bar to another action upon the attachment bond for the *special* damages, which naturally, but not necessarily, arose from the suing out and levy of the attachment.

While the two actions differ, not only in form but as to parties, as well as the testimony necessary to establish each, and also as to the extent of the recovery, yet the entire damage is the result of the one act or wrong, and each action is *pro eadem causa*, or for the wrongful suing out and levy of the attachment.

In each action it is incumbent upon the plaintiff to show that the attachment was wrongfully sued out; but in that for maliciously suing it out he must go further, and show that the creditor acted from malice and without probable cause.

The liability of the surety in the attachment bond is dependent upon that of the principal; and if the latter can rely upon a matter in bar, so can the security.

The two actions are not commensurate as to remedy, but that for maliciously suing out the attachment comprehends the other, and in it the plaintiff has the right to recover the entire damage he may have sustained.

Although he may have the right to bring either one of two actions that differ in form and extent of remedy, yet, if each is based upon the same act, and he adopts the one that comprehends the other, the public peace and quiet require that he should be satisfied.

If one trespasses upon another, and, in doing so, carries away the latter's horse, the owner may waive the trespass and sue for the value of the horse; but, if he does not do so, and sues for the trespass, he could not thereafter sue for and recover the value of the horse, although he may not have sought in the first action to recover for the taking of the horse.

With this brief notice of the reasons which have been urged to show that the former judgment should not be held to be a bar to this action, we pass to the statement of those which, to our minds, lead irresistibly to the opposite conclusion.

*Nemo bis vexari pro eadem causa*, is an old legal maxim.

If one takes another's property and sells it, the latter

may maintain an action for trespass, or on the case for money had and received, or replevin, or trover; but a recovery in one is a bar to another, because each would be for the same act.

A recovery can not be had for the killing of one by willful neglect, and also a recovery by the personal representative for the bodily and mental suffering between the date of the injury and the person's dissolution, because both grow out of the one wrongful act.

There is another rule, which experience has shown to be necessary as a guard against the evil of excessive litigation. Every person must vindicate his rights in due season, and in proper order; and while in our opinion it does not do so in this instance, yet so necessary is this rule to the general good that the law must necessarily often operate with such severity as to individuals as to deprive them of their rights.

Thus limitation may prevent the enforcement of a just claim, and a second litigation can not be permitted as to the same transaction, and especially ought not to be allowed if the first afforded an opportunity for complete justice.

The individual inconvenience or loss, if any, is preferable to endless uncertainty.

The rule to which we refer is that the judgment of a court of competent jurisdiction is not only final as to all matters determined by it, but as to every other matter incident to the cause or properly belonging to the subject of the litigation and which the parties might have put in issue and had determined. (Talbott v. Todd, 5 Dana, 190; LeGreen v. Gouverneur, &c., 1 John. Cases, 436.)

This rule requires the exercise of reasonable diligence only, and is conducive of the ends of justice and the peace of society. It is based upon reason and propriety; and by all the analogies of the law it follows. that when a person has adopted a form of remedy which is comprehensive enough to afford him complete relief, and has pursued it to the extent of a satisfied judgment, he should not be allowed afterward to vex his adversary with an unnecessary suit.

It is true that the remedy by attachment is an extraordinary one, and that the abuse of it should not be permitted. In providing it the Legislature intended to protect the defendant as well as the plaintiff.

The seizure of the property might be ruinous to the owner and wrongful, and, yet, be done without the least malice.

In such a case the plaintiff should at least be liable for the actual injury, and the right to an action on the bond was provided to meet such a case. It has been called "a cautionary bond."

But when an action for maliciously suing out an attachment can be maintained, then, as the major includes the minor, so it embraces the injury covered by the bond; and it is a correct principle, and one necessary to the proper administration of justice, that where complete reparation can be had in a form of action that the plaintiff has seen fit to adopt, he must obtain it in that proceeding, and not impose needless cost upon the other party, or consume the time of the court with an unnecessary action.

Any other rule would aid in producing a multiplicity of suits, which the law abhors.

The case of Petitt and Owen against Mercer, 8 B. M.
51, only draws the distinction between the two actions,
and defines for what the plaintiff may recover damages
in an action on the bond, and does not decide, nor do
we think it intimates, that a party can first recover
damages in an action for maliciously suing out an at-
tachment, and then resort to an action on the attach-
ment bond. At most, it only intimates that the adop-
tion of the lesser remedy does not prevent the subse-
quent use of the greater.

Nor was the question now presented decided, or even
raised, in the cases of Cox against Taylor, 10 B. M. 21,
and Johnson against the Farmers' Bank, 4 Bush, 283.
In the last-named case the action was upon the attach-
ment bond, and no suit had ever been brought for
maliciously suing out the attachment.

If a party chooses a form of remedy, which is so
ample that he may thereby obtain complete relief, then
he should present his whole case; and if he does not
do so, he can not thereafter sue for some special damage
arising out of the same act, and for the doing of
which he has already recovered damages of some par-
ticular character ; and the opinion of the Supreme
Court of the United States in Cromwell against County
of Sac, 94 U. S. Rep., page 35, is not at war with this
view of the question, but, in fact, confirms it, if we
correctly understand it.

In the case last cited the former recovery attempted
to be relied on was had upon a different cause of action
from the one then being asserted.

In this instance the party elected to *first* sue for the
malicious suing out of the attachment. He could then

have asserted and recovered damages for all his injuries of every character, growing out of his adversary's wrongful act. Individual right as well as public policy required that he should do so. It was not a mere privilege given him by statute, which he might or might not exercise according to his will, as in a case of ejectment and a claim for mesne profits; and the satisfaction he thus obtained is conclusive of all claims for damages which were, or which might have been, then put in issue, and which resulted from what was but one wrongful act.

Judgment affirmed.