## PEOPLE v. HOLLADAY.*

### No. 8501; February 7, 1885.

#### 5 Pac. 798.

**Judgment—Conclusiveness to Bar Subsequent Action.—A Judgment Against a City** in a former action, declaring that no dedication of certain land had been made, is a bar to a subsequent action by the city against the same parties to obtain possession of the land under the same claim of alleged dedication.

APPEAL from the Superior Court of the City and County of San Francisco.

J. F. Cowdery for appellant; S. W. Holladay, W. C. Belcher and Mastick, Belcher & Mastick for respondent.

ROSS, J.—The question involved in this action is the precise question that was involved in the action brought in the year 1863, in the late fourth district court, by the same plaintiff against the same defendant; that is to say, the alleged dedication by the lawful owner and proprietor thereof, prior to the year 1863, to public use as a public square by the name of "Lafayette Park," of the lots of land in controversy. In the former action, after trial, it was, on the eleventh day of

*For subsequent opinion in bank, see People v. Holladay, 68 Cal. 439, 9 Pac. 655.

July, 1864, solemnly adjudged that no such dedication was ever made or suffered, but that, on the contrary, the property in question was, at the time of the commencement of that action, and at the time of the trial thereof and judgment therein, the private property of the defendant, Holladay, free and clear of any and all dedication whatsoever. That judgment, being the judgment of a court of concurrent jurisdiction directly upon the point, is conclusive as respects the same matter now again directly in question between the same parties. The correctness of the position of the learned counsel for the appellant in regard to the effect of the act of Congress of July 1, 1864, may be conceded, and yet it does not aid the appellant.

If the property in dispute was dedicated in 1858 to public use, of course the act of Congress of 1864 did not destroy or in any respect impair such dedication; but on the contrary, as said here in Hoadley v. San Francisco, 50 Cal. 274, "by granting and relinquishing the title of the United States to the city for the uses and purposes mentioned in the act of March 11, 1858, it ratified and confirmed the dedication, and made it operative upon the legal title, as well as such title as the city held prior to the act of July 1, 1864, and thus virtually perfected the dedication." But if there was no dedication prior to the passage of the act of Congress of July 1, 1864, there was no dedication for that act to feed. And that there was none was distinctly adjudged by the fourth district court in the former action. It is too late now to inquire whether there was error in that adjudication. As between the parties thereto and their privies, that judgment conclusively established that there had theretofore been no dedication of the disputed property, but that the same then was the private property of the defendant, Holladay, free and clear of any and all dedication. And as the present action, as shown by the plaintiff's complaint, is founded upon the same alleged dedication involved in the former action, the judgment in that is a complete bar to the present one.

Judgment and order affirmed.

We concur: McKinstry, J.; McKee, J.