[No. 1209.]

PHILLIPPI MARTIN, RESPONDENT, *v.* VICTOR MILL AND MINING COMPANY, APPELLANT.

EXECUTION SALE—JUDGMENT ON APPEAL—SETTING SALE ASIDE.—It is only in cases where the judgment is reversed, or so far modified as to make it inequitable to allow the sale to stand, that a court would be authorized to set aside an execution sale.

MOTION for "restoration of rights."

*P. Reddy,* for Motion:

*Thos. H. Wells, D. J. Lewis,* and *Curler & Bowler,* against Motion:

By the Court, HAWLEY, J.:—

Upon appeal from the district court, the judgment in this case in favor of respondent was modified by deducting therefrom the sum of seventy dollars. (*Martin* v. *Victor M. & M. Co., ante.* Appellant, in taking the appeal, gave no bond to stay

proceedings under the judgment. Execution was regularly issued upon the judgment, and the Victor mine, the property of appellant, was levied upon and sold under and by virtue of said execution. Respondent became the purchaser of the property at the execution sale; and the time for redemption having expired, he has received a sheriff's deed of the property. Upon these facts, appellant moves this court to "be restored to the rights which it enjoyed at the time that the judgment was rendered in the court below, and to set aside the sale"; and bases its application upon the following provisions of the statute: "When the judgment or order is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous judgment or order." (Civ. Pr. Act, sec. 339.)

The title acquired by the purchaser of real estate, under and by virtue of a writ of execution issued upon a judgment rendered by a court of competent jurisdiction, is not rendered invalid by a subsequent reversal of the judgment in the appellate court. The only controversy upon this question is, whether or not the principle applies to the parties to the suit; several authorities holding that it does apply to all cases, whether the purchaser was a party to the suit or not. (*South Fork Canal Co.* v. *Gordon,* 2 Abb. U. S. 486; *Gray* v. *Brignardello,* 1 Wall. 634; Rorer, Jud. Sales, sec. 138.) Others declare that it does not apply when a party to the suit is a purchaser at the sale. (*Galpin* v. *Page,* 18 Wall. 374; *Fergus* v. *Woodworth,* 44 Ill. 381; *Gott* v. *Powell,* 41 Mo. 420; *Corwith* v. *State Bank,* 15 Wis. 291; Freem. Ex'ns, sec. 347.)

In California the rule is stated as follows: "The doctrine formerly prevailed that whenever a sale was made under an erroneous decree or judgment, which was afterwards reversed, the court rendering the judgment having jurisdiction of the person and subject-matter, the purchaser acquired a good title, notwithstanding the reversal. It was enough, it was said, for the buyer to know that the court had jurisdiction, and exercised it; and that the judgment, on the faith of which he purchased, was made, and authorized the sale. With the errors of the court he had no concern. The former owner was then turned over to an action for damages to make good the loss of his property. That doctrine is now so far modified that, if the plaintiff in the judgment be himself the purchaser, the former

Points decided.

owner, after reversal, may, at his election, either have the sale set aside and be restored to the possession, or have his action for damages." (*Reynolds* v. *Hosmer*, 45 Cal. 628; *Reynolds* v. *Harris*, 14 Cal. 679;[1] *Johnson* v. *Lamping*, 34 Cal. 301.)

The judgment in this case was not reversed. A mistake was made in the computation of time that plaintiff was entitled to wages. This mistake was rectified in the appellate court by deducting the sum of seventy dollars from the judgment. This was the only modification made. The judgment was, in all other respects, affirmed. It is only in cases where the judgment is reversed, or so far modified as to make it inequitable to allow the sale to stand, that a court would be authorized, under the statute, to set the sale aside. This is not such a case.

Appellant will be restored to all rights to which it is entitled, by collecting from respondent the sum of seventy dollars. This amount can be deducted by respondent from his costs on appeal. Upon the filing of the *remittitur* in the court below, the district court will make the proper order to that effect.

Appellant's motion to set aside the sale is denied.