[No. 1503.]

## VITORIA CASSINELLI, Respondent, v. PIETRO CASSI-NELLI, Appellant.

MALICIOUS PROSECUTION—WANT OF PROBABLE CAUSE. In an action for damages for malicious prosecution it is the duty of the plaintiff to establish to the satisfaction of the court that the defendant had no probable cause for the prosecution.

IDEM—WHEN MALICE WILL BE PRESUMED. In an action for malicious prosecution the plaintiff must establish malice upon the part of the defendant, but the fact of malice may be inferred from want of probable cause.

IDEM—MOTION FOR NON-SUIT. In an action for malicious prosecution, plaintiff introduced evidence tending to prove the destruction of certain property by fire; that plaintiff had been arrested on complaint of defendant charging him, with others, with the crime of arson, and kept in custody three days, being discharged on the preliminary examination, and also evidence tending to establish an alibi: Held, that a motion to dismiss, after plaintiff had introduced his testimony, was properly denied.

APPEAL from the District Court of the State of Nevada, Lyon county; C. E. Mack, District Judge:

Action by Vitoria Cassinelli against Pietro Cassinelli for malicious prosecution. Judgment for plaintiff, from which defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Langan & Knight*, for Appellant.

*John Lothrop*, for Respondent.

By the Court, BELKNAP, C. J.:

Action for malicious prosecution.

The case was tried by the court without a jury.

Respondent recovered judgment for $305 and costs.

After respondent had introduced his testimony in chief, appellant moved for a non-suit upon the ground that there was no evidence tending to show that the prosecution was maliciously instituted, or without probable cause, or that respondent had been damaged in his person.

The motion was denied and the ruling is assigned as error.

Plaintiff had introduced evidence tending to prove that the property of the appellant had been destroyed by fire upon the night of the 5th day of February, 1896. That the

next morning the appellant had lodged a complaint in the court of the justice of the peace of the township in which he resided and in which the fire occurred, charging respondent and two others with the crime of arson. Respondent was arrested and remained in custody three days. Upon the preliminary examination he was discharged.

Evidence was also introduced, and not denied, tending to prove an alibi.

It was the duty of respondent to have established to the satisfaction of the court that the appellant had no probable cause for the prosecution. This was done by evidence tending to prove the alibi and other facts tending to show the absence of incriminating circumstances.

It was also the duty of respondent to have shown malice, but the fact of malice may be inferred from want of probable cause. (*Oliver* v. *Pati*, 43 Ind. 32; *Ventress* v. *Rosser*, 73 Ga. 534; *Carson* v. *Edgeworth*, 43 Mich. 241; *Dietz* v. *Langfitt*, 63 Pa. St. 234.)

The evidence as above stated was not only sufficient upon the motion to support a recovery for nominal damages, but also for actual and exemplary damages. If respondent was entitled to recover, the damages may have included deprivation of liberty and injury to his feelings.

Upon the merits of the case the evidence was in most respects conflicting, and in such cases we cannot disturb the judgment.

Other matters have been called to our attention by the brief of counsel; we have examined them, but do not deem them of sufficient importance for discussion, and none of them can affect the result.

Judgment and order affirmed.