[No. 2041]

## PETER JAKSICH, RESPONDENT, v. JOHN GUISTI, APPELLANT.

1. ATTACHMENT—MALICIOUS PROSECUTION—JUDGMENT WITHIN THE ISSUES.

    In an action for damages for malicious prosecution of attachment, a judgment will not be reversed that is within the issues made by the pleadings and submitted to the court, although the court found as a fact that the attachment was issued without notice and upon probable cause.

2. ATTACHMENT—MALICIOUS PROSECUTION—PLEADING AND PROOF.

    Malice and want of probable cause are essential facts to be alleged and proved in an action for damages for malicious prosecution.

3. ATTACHMENT—WRONGFUL ISSUANCE—REMEDIES.

    The defendant whose property has been wrongfully attached has an action under the statute upon the attachment bond, or, where the attachment was issued maliciously and without probable cause, defendant may proceed under the common law for malicious prosecution.

4. ATTACHMENT—WRONGFUL ISSUANCE—PARTIES TO ACTION.

    An action upon an attachment bond may be instituted without joining the sureties.

5. ATTACHMENT—WRONGFUL ISSUANCE—MERGER IN JUDGMENT—LIABILITY.

    The fact that an attachment lien was merged in a judgment lien and the property attached sold under execution does not relieve from liability upon the attachment bond.

6. ATTACHMENT—WRONGFUL ISSUANCE—RECOVERY FOR MALICIOUS PROSECUTION BAR TO ACTION ON BOND.

    A judgment for damages obtained for malicious prosecution of attachment is a bar to further action upon the bond.

7. JUDGMENT—REVERSED—EFFECT ON SALE UNDER EXECUTION—LIABILITY—MEASURE OF DAMAGES.

    Where property has been sold under execution upon an erroneous judgment which is reversed upon appeal, the plaintiff is liable in damages to the defendant for the value of the property sold, such value to be determined as of the time of the execution of sale.

APPEAL from the Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Action by Peter Jaksich against John Guisti for damages for malicious prosecution of attachment. Judgment for plaintiff for damages for unlawful attachment, and defendant appeals. **Affirmed.**

## STATEMENT OF FACTS

This is an appeal from the judgment on the judgment roll alone. The complaint alleged in substance that defendant, on the 1st day of June, 1912, did falsely and maliciously and without probable cause swear to an affidavit, in a suit pending in the justice court of Tonopah township, Nye County, for attachment and, by the filing of an attachment bond, did falsely and maliciously and without probable cause procure a levy upon and sale of the personal property of plaintiff to his damage in the sum of $3,000. It is further alleged that, by reason of a verdict of a jury on appeal from the justice court, it was ascertained and determined that no part of the debt described in the affidavit for attachment was owing. The complaint further alleged specific damages to the plaintiff's business standing in the sum of $500, and also damages to the extent of $500 for being compelled to walk the streets of Tonopah and beg and borrow from his friends sufficient funds for his business.

To the said complaint defendant filed his answer specifically denying the facts alleged as special damage, and also denying that the said attachment was made maliciously, falsely, or without probable cause, and denying further that the verdict of the jury determined that there was nothing owing to this defendant, plaintiff in the said attachment action.

Defendant, by way of affirmative defense, further alleged that theretofore, on May 17, 1911, this defendant leased to the plaintiff herein the premises known as the U. & I. Saloon and Boarding House in Tonopah, that a dispute arose between the said parties as to the payment of the rent reserved by said lease; that defendant refused to pay the rent, amounting to $80 for the month of May, 1912, and thereupon this defendant was compelled to institute the said action in which the attachment issued for the purpose of recovering the rent and obtaining possession of said premises; that upon the advice of his attorney, after a full and fair statement of his case, he swore to the affidavit for attachment complained of; that

thereafter, on June 10, 1912, judgment was rendered in said justice's court in favor of defendant for $160, rent for May and June, and $5 damages and for the possession of the said premises; that on June 26, 1912, plaintiff filed his notice of appeal in said action, together with an appeal bond for costs, but failed and refused to file a bond staying the execution of the judgment; that thereafter, on June 29, 1912, an execution sale of the personal property of this plaintiff was had, after due and legal notice and upon process duly issued by the said justice's court in said action on June 18, 1912; that thereafter the said appeal was heard in the district court, and a verdict was rendered in the following language: "We, the jury in the above-entitled cause, find for the plaintiff in the restitution of the premises described in the complaint herein"— and, thereupon, judgment was duly given and made by the district court in favor of this defendant for the possession of the said premises and property; that defendant acted in good faith in all of his proceedings in the said cause and solely for the purpose of obtaining possession of his property and what was rightfully due him; that the property sold under execution from the justice's court was only sufficient in value to pay the costs awarded to this defendant by said court, and this defendant was compelled to bid it in for such sum.

To such answer plaintiff filed a reply in which he denied there was any rent due, as alleged in the answer, or that defendant acted in good faith in causing the said attachment to issue, or that plaintiff ever refused to pay the rent, or that the said property levied upon and sold was only worth the amount of the costs, or that the sale was conducted fairly and honestly by the officers in charge of the same, and alleged that the sale was in one lump sum to defendant for the sum of $115.

The court filed its findings of fact and conclusions of law in which it finds in substance that the plaintiff was the owner of certain personal property specifically described; that on June 1, 1912, "the defendant did recklessly, and therefore to some extent oppressively, falsely

swear to an affidavit, in a suit then pending in the justice's court of Tonopah township, county of Nye, State of Nevada, wherein the defendant above named was plaintiff and the plaintiff above named was defendant; that there was due and owing from said defendant to said plaintiff in said action the sum of two hundred and ninety ($290) dollars," and did procure an attachment out of said justice's court and did close the business of said plaintiff and take from him the possession of said property; that said attachment was not procured maliciously, and that the defendant acted with probable cause in instituting the said action, and causing the issuance and levy of the said attachment. The court also found the value of the property so levied upon and sold to be $480; that the plaintiff failed to comply with the covenants of the said lease for the return of certain personal property of the value of $84.47; that the costs awarded to defendant in the original action in the justice's court amounted to $58.90, and the costs on appeal in said action, awarded to defendant, amounted to $48.60.

As conclusions of law the court determined plaintiff entitled to judgment for $480 as the value of said personal property, less the said costs and the value of the leased property destroyed, leaving a net judgment of $283.13 in favor of the plaintiff, upon which findings and conclusions judgment was duly entered.

*P. E. Keeler*, for Appellant:

The cause of action set forth in plaintiff's amended complaint alleges all the elements required at common law and under the code for a malicious prosecution, to wit, the false and malicious attachment of plaintiff's attachment of plaintiff's goods without probable cause. (*Levey* v. *Fargo*, 1 Nev. 415; *Fenstermaker* v. *Page*, 20 Nev. 290; *Cassinelli* v. *Cassinelli*, 24 Nev. 182; *Tisdale* v. *Major*, 68 Am. St. Rep. 278.)

The only duty resting upon an excution creditor, where sale has been had, is to restore what he has illegally received by virtue of the execution sale.

The judgment in the justice's court in the case of *Guisti* v. *Jaksich* was in full force, effect and virtue at the time of the execution sale and of such character as to protect not only the officers, but the judgment creditor in proceeding under it. (Freeman, Judgments, 482; Wait, Fraud. Conv. 2d ed. secs. 443, 444; *Thompson* v. *Reasoner*, 7 L. R. A. 496; *Brignardello* v. *Gray*, 17 L. Ed. 693; *Tilley* v. *Bonney*, 55 Pac. 798; *Purser* v. *Cady*, 49 Pac. 180; 17 Cyc. 1310.)

No modification of a judgment which does not set aside all authority to sell under it will affect a sale made by its authority before modification.

The said judgment in the justice's court not being void, but, at most, voidable on appeal, and the judgment creditor therein being thereby protected until reversal, he is not liable to an action at law for damages, but if he has received any money or property, by virtue of such execution sale, in excess of the amount awarded on appeal, equity compels him to refund the benefit of any value which he has thus received in excess of his legal right. (*Thompson* v. *Reasoner, supra; U. S. Bank* v. *Bank of Washington*, 31 U. S. 8; *Reynolds* v. *Hosmer*, 45 Cal. 616; *McJilton* v. *Love*, 13 Ill. 486; *Gott* v. *Powell*, 41 Mo. 416; *Galpin* v. *Page*, 85 U. S. 350-374; *Gay* v. *Smith*, 38 N. H. 171; *Bryant* v. *Fairfield*, 51 Me. 149; Freeman, Executions, 346-7; Hermann, Executions, 608; *Miller* v. *Adams*, 52 N. Y. 409; *Palmer* v. *Foley*, 71 N. Y. 106; *Dusenbury* v. *Keiley*, 35 N. Y. 383; *Hayden* v. *Shed*, 11 Mass. 500; *Prentice* v. *Harrison*, 4 Ad. & El. 852; *Marks* v. *Townsend*, 97 N. Y. 590; *Day* v. *Bach*, 87 N. Y. 56.)

The execution debtor is, on reversal, only entitled to so much as the creditor received. (*Peck* v. *McLean*, 30 N. W. 759; *Eubank* v. *Ralls*, 4 Leigh, 308; *Bickerstaff* v. *Dillinger*, 1 Murph. 272; *Lovett* v. *German Ref. Church*, 12 Barb. 67.)

The restitution upon a reversal or modification of the judgment is of the goods in specie, not of its value. (*Galpin* v. *Page, supra.*)

Instead, therefore, of being an action for damages for malicious attachment, the case was shifted by the court

in its rulings during the trial and its decisions and conclusions of law filed herein, to a proceeding for restitution of property sold under an execution issued upon a judgment which was afterwards modified.

In so viewing the case the court goes contrary to all the learning with reference to forms of action which held such a prominent place in the common-law procedure, but which, to a certain extent at least, has been abrogated by the code practice. It is possible the plaintiff may be entitled, after laying the case in the form of an action for tort, upon the trial to contend that he has a right to recover in the mode and under the rulings formerly existing in equity. But, in any event, the code has not relaxed the rules of pleading that one may recover upon a cause of action which is not substantially set forth in the allegations of his complaint. In other words, the plaintiff cannot have relief which is not consistent with the theory of his action, although the evidence warrants it. (23 Cyc. 817; *Mondran* v. *Goux*, 51 Cal. 151; *Davis* v. *Hinchcliffe*, 34 Pac. 915; *Mertz* v. *Mapes Co.*, 63 N. Y. Supp. 455.)

The rule that *allegata* and *probata* must correspond has never been abrogated by the statute. (*Stout* v. *Coffin*, 28 Cal. 67.)

The amended complaint does not state facts justifying a judgment against this defendant for the full market value of personal property sold under execution for about one-fourth of what the court finds such market value to be. (*Teasdale* v. *Stoller*, 54 Am. St. Rep. 703; *Williams* v. *Hunter*, 14 Am. Dec. 597; *McFadden* v. *Whitney*, 18 Atl. 62; *Collins* v. *Shannon*, 30 N. W. 730; *Veitch* v. *Gebell*, 76 Am. St. Rep. 914; *Hall* v. *Leaming*, 86 Am. Dec. 213.)

The sole action for wrongful attachment is on the attachment bond. (4 Cyc. 832, 845; *Frantz* v. *Hanford*, 54 N. W. 474; *Storz* v. *Finkelstein*, 66 N. W. 1020, 30 L. R. A. 644; *Day* v. *Bach*, 87 N. Y. 56; *Mitchell* v. *Silver Lake Lodge*, 45 Pac. 798; *Stewart* v. *Sonneborn*, 98 U. S. 187.)

*Bartlett & Thatcher*, for Respondent.

By the Court, NORCROSS, J. (after stating the facts):

It is the contention of counsel for appellant that the judgment cannot be sustained for the reason that this was an action for the malicious prosecution of an attachment, and the court having found that the attachment was not procured maliciously, and that plaintiff in the attachment suit, appellant herein, acted with probable cause in instituting the action and causing the issuance and levy of said attachment, had no other alternative than to render judgment for the appellant—citing *Levey* v. *Fargo*, 1 Nev. 415; *Fenstermaker* v. *Page*, 20 Nev. 290; *Cassinelli* v. *Cassinelli*, 24 Nev. 182.

All authorities agree that malice and want of probable cause are essential facts to be alleged and proved in an action for damages for malicious prosecution. In this action it appears, however, that the several pleadings filed by the respective parties set up all the facts growing out of the action instituted by the appellant herein for the recovery of the leased premises, and for damages for the rent alleged to be due and the unlawful detention of the premises.

All the facts being before the court, the question arises whether the court, notwithstanding the failure to establish malice and want of probable cause in the issuance of the attachment, could, nevertheless, order a judgment entered in accordance with other facts actually found within the issues made by the pleadings, and which the parties may have and which it would seem they did actually litigate before the court. There is no bill of exceptions showing that any objection was made to a consideration of any other questions than those of malice and want of probable cause, and we are not called upon to determine what should have been the course pursued by the court below if such objection had been interposed.

In this state the defendant in an attachment suit, where the attachment has been wrongfully issued, has an action upon the attachment bond for actual damages sustained not exceeding the amount of the penalty of the bond. If the attachment has been procured maliciously

and without probable cause, he may proceed under the common law in an action for malicious prosecution. (*Mitchell* v. *Silver Lake Lodge,* 29 Or. 294, 5 Pac. 798.)

In the latter action all damages that might be recovered in an action upon the bond may be recovered, but the defendant in the attachment suit is not limited in his right to recover damages in his action for malicious prosecution of the attachment, as he is in the case of an action upon the bond for a wrongful attachment merely.   (*Hall* v. *Forman,* 82 Ky. 505.)

An action upon the attachment bond may be instituted without joining the sureties.   (*Bank* v. *Mayer,* 100 Ga. 87, 26 S. E. 83; 4 Cyc. 850.)

The fact that the attachment lien was merged in the judgment lien, and that the property attached was sold under execution upon the judgment, does not relieve from liability upon the attachment bond.   (*Bennett* v. *Brown,* 20 N. Y. 99; *Ball* v. *Gardner,* 21 Wend. 270.)

Where an action has been brought for the malicious prosecution of an attachment and a judgment for damages recovered, it has been held that no further right of action exists upon the bond, for the reason that all damages that could be recovered upon the bond may be recovered in the other action.   (*Hall* v. *Forman, supra.*)

There is another element of liability shown by the facts of this case.   The attachment could only be justified upon the allegation in the complaint in the attachment suit that rent was due and unpaid by the terms of the lease.   It appears from the opinion of the learned judge of the court below embodied in the record that the terms of the lease required that the rent be paid three months in advance, and it was doubtless this provision which occasioned a judgment for rent by the justice's court which was not awarded upon the trial upon appeal. Be that as it may, no allowance was made in the judgment upon appeal for any rent alleged to be due, and which was awarded to the plaintiff in the judgment rendered in the justice's court from which the appeal was taken.   While the judgment upon appeal was in

favor of the plaintiff for the restitution of the leased premises, the same as in the justice's court, the disallowance of any judgment for rent or damages was such a modification of the judgment as to make it inequitable to allow to stand the sale of the attached property upon execution upon the judgment entered in the justice's court. (*Martin* v. *Victor M. Co.*, 19 Nev. 197). See, also, section 430, Drake on Attachment.

Freeman in his work on Judgments, sec. 482, says: "Upon the reversal of the judgment against him, the appellant is entitled to the restitution from the respondent of all the advantages acquired by the latter by virtue of the erroneous judgment. * * * Whether the defendant may elect to affirm the sale, notwithstanding the reversal of the judgment, and recover of the plaintiff the damages resulting therefrom, is an unsettled question. In California the defendant may, at his election, affirm the sale, and recover of plaintiff the value of the property lost thereby." (*Reynolds* v. *Hosmer*, 45 Cal. 630.)

This court in *Martin* v. *Victor M. Co.*, *supra*, quoted from the California decision last cited the following: "The doctrine formerly prevailed that whenever a sale was made under an erroneous decree or judgment, which was afterwards reversed, the court rendering the judgment having jurisdiction of the person and subject-matter, the purchaser acquired a good title, notwithstanding the reversal. It was enough, it was said, for the buyer to know that the court had jurisdiction, and exercised it; and that the judgment, on the faith of which he purchased, was made, and authorized the sale. With the errors of the court he had no concern. The former owner was then turned over to an action for damages to make good the loss of his property. That doctrine is now so far modified that, if the plaintiff in the judgment be himself the purchaser, the former owner, after reversal, may at his election, either have the sale set aside and be restored to the possession, or have his action for damages."

We need not determine what rule should have applied if it had been found that the property purchased at the execution sale by the appellant was in his possession at the time of the trial in the court below.   If, prior to the trial, he had disposed of it, he was unquestionably liable for its value to the plaintiff in the attachment suit.   It does not appear that there was any offer to restore this property, or that there was any request for a finding as to the possession, or a request for a modification of the judgment directing its restoration in lieu of the judgment for its value.

Upon the question of the measure of damages, we think it well settled that it is the value of the property at the time of the execution sale, rather than the amount for which the property may have been sold.

As said in *Smith* v. *Zent*, 83 Ind. 87, 43 Am. Rep. 61: "The amount received at such sale may not, however, compensate the owner for the loss sustained, and hence it is equally well settled that where personal property is sold upon a judgment, which is afterwards reversed, the owner may recover the value of the property sold from the judgment plaintiff. (*Reynolds* v. *Hosmer*, 45 Cal. 616; *South Fork Canal Co.* v. *Gordon,* 2 Abbott, U. S. 479; *McJilton* v. *Love*, 13 Ill. 486, 54 Am. Dec. 449; *Bank of United States* v. *Bank of Washington*, 6 Pet. 8, 8 L. Ed. 299; Freeman, Judgments, 482.)"

It would seem from the record in this case that the judge of the court below, after determining that there was not malice or want of probable cause in the procurement of the attachment, proceeded and tried the cause upon the theory of the liability of the defendant to respond in damages to the extent of the value of property wrongfully attached and subsequently sold upon execution to satisfy a money judgment, which upon appeal was, in effect, set aside.   The right of the court to enter such a judgment, in view of the nature of the action, is contested by counsel for appellant in an exceptionally able and exhaustive brief.   We have reached the

conclusion to affirm the judgment, notwithstanding the nature of the action, because, as we have before intimated, the questions determined by the court could in the absence of objection have been litigated in the action, for the action for damages for the alleged malicious prosecution of the attachment included a consideration of all the facts upon which the judgment actually entered was based. It was very natural for the court to seek a final determination of the controversy between the parties and to avoid a multiplicity of suits with attendant costs.

It was to the advantage of the litigants that their rights be determined in that action, and that the legal effect of the facts established be declared rather than to require a resort to another suit where the change in the character of the action would be more of form than of substance.

Where upon appeal it is simply a question of whether the judgment is supported by the pleadings and findings, a liberal rule should prevail; and if it appear that the judgment is in accordance with facts found, which findings were appropriate to the issues framed by the pleadings and litigated in the action, we think the judgment ought to be affirmed.

Judgment affirmed.