CLARENCE E. MORRIS, INC., a California Corporation, Appellant, v. ALVIN J. VITEK, Respondent.

No. 5825

December 2, 1969          461 P.2d 864

*Stanley W. Pierce* and *Douglas R. Pike,* of Las Vegas, for Appellant.

*Singleton, De Lanoy, Jemison & Reid,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The issue is whether this action for damages for wrongful attachment brought upon the attachment bond is premature

since the underlying case in which the attachment was obtained and later discharged as improper (see Clarence E. Morris, Inc. v. Vitek, 80 Nev. 408, 395 P.2d 521 (1964)) is still pending.[1] The district court ruled that this action was prematurely commenced and dismissed it. We affirm that determination.

1. The attachment bond in the underlying action instituted by Vitek against Clarence E. Morris, Inc., was written pursuant to NRS 31.030(1) and is expressly conditioned upon a dismissal of that action by Vitek, the plaintiff, or a recovery of a judgment by Clarence E. Morris, Inc., the defendant.[2] That case is still pending. Since a precondition to liability upon the bond has not occurred, the district court properly dismissed this action as premature. In this respect the Nevada statutory scheme is unlike that prevailing in some states where it is not necessary to await termination of the main action before instituting an action upon the bond. See: Reliable Mutual Hail Ins. Co. v. Rogers, 160 P. 914 (Okla. 1916); Kerr v. Reece, 27 Kan. 469 (1882).

2. In the instant matter the plaintiff, Clarence E. Morris, Inc., did not allege a common law cause of action against Vitek for malicious use of legal process. The complaint does not charge malice and want of probable cause in procuring the

---

[1]This action was instituted against Vitek and United Pacific Insurance Company which supplied the attachment bond. United Pacific sought removal to the federal court. It was eventually decided that there was insufficient basis for federal jurisdiction (Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174 (9 Cir. 1969)) and the matter was remanded to the Nevada courts. While the removal proceeding was being litigated, the state court action proceeded against Vitek alone, was dismissed, and this appeal taken. United Pacific is not a party to the appeal.

[2]NRS 31.030(1) reads: "Before issuing the writ, the clerk shall require a written undertaking on the part of the plaintiff payable in lawful money of the United States, in a sum not less than $200, and not less than one-fourth of the amount claimed by plaintiff, with two or more sureties to the effect that if the plaintiff dismiss such action or if the defendant recover judgment the plaintiff will pay in lawful money of the United States all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment including attorney's fees, not exceeding the sum specified in the undertaking. Each of the sureties shall annex to the undertaking an affidavit that he is a resident and householder or freeholder within the state, and worth double the sum specified in the undertaking over and above all his debts and liabilities, exclusive of property exempt from execution. Upon showing by the defendant after notice to the plaintiff, the court may require an additional bond."

attachment. That charge is essential if the plaintiff seeks damages outside of the bond, and in an amount greater than the penalty of the bond. Jaksich v. Guisti, 36 Nev. 104, 134 P. 452 (1913); dictum in McIntosh v. Knox, 40 Nev. 403, 409, 165 P. 337 (1937). Had that cause of action been asserted, the district court would have had an entirely different case before it.

3. The appellant's subordinate contention that the order discharging the attachment in the underlying case is a "judgment" within the intendment of NRS 31.030(1) is specious.
Affirmed.

COLLINS, C. J., ZENOFF and BATJER, JJ., and YOUNG, D. J., concur.