COUNTY OF WASHOE, ON RELATION OF ITS OFFICE OF THE DISTRICT ATTORNEY, NONSUPPORT DIVISION, PETITIONER, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, THE HONORABLE ROY L. TORVINEN, DISTRICT JUDGE, RESPONDENT, GERHARD HEINZ WOLFF, REAL PARTY IN INTEREST.

No. 13585

October 29, 1982                                          652 P.2d 1175

*Erickson, Thorpe, Swainston, & Cobb,* Reno, for Petitioner.

*Stephens, Kosach, Knight & Edwards,* Reno, for Respondent.

---

[2]Justice JOHN MOWBRAY voluntarily disqualified himself from the decision in this case.

## OPINION

*Per Curiam:*

Petitioner is the defendant in a civil suit initiated by Gerhard Heinz Wolff, the real party in interest. In that action, Wolff alleged that the Washoe County District Attorney's Office brought a nonsupport action against him pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), NRS ch. 130. Wolff further alleged that the petitioner provided him with erroneous advice in administering its duties of child support enforcement under URESA. This allegedly erroneous advice was the basis for Wolff's suit against petitioner for negligent misrepresentation. Petitioner sought to dismiss Wolff's action on the ground that it was immune from suit. Under the circumstances of this particular case, the district court disagreed and denied the motion. Petitioner now seeks mandamus from this Court compelling the district court to dismiss the action.

"The remedy of mandamus is available to compel the district court to rule properly if, as a matter of law, a defendant is not liable for any of the relief sought." Moore v. District Court, 96 Nev. 415, 610 P.2d 188 (1980). In the case before us, we conclude that the right to dismissal is clear and the writ must issue.

Under the doctrine of common law immunity, it is settled that a district attorney is immune from damages for his actions and conduct arising from the performance of his criminal prosecutorial function. Imbler v. Pachtman, 424 U.S. 409 (1975). We believe that this widely recognized doctrine of common law immunity also extends to the district attorney in the performance of his civil obligations. *See,* Martin Hodas, East Coast Cinematics, Inc. v. Lindsay, 431 F.Supp. 637 (S.D.N.Y. 1977). The rationale for the adoption of prosecutorial immunity, as expressed by the Supreme Court, is that "harrassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler v. Pachtman, *supra,* 424 U.S. at 423. This rationale applies with equal force to official public duties of a civil nature since the underlying purpose is to enable the district attorney to perform his duties without fear of suit.

The legislature has codified some aspects of common law immunity in NRS 41.032. This statute provides in pertinent part:

No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is:

1. . . .

2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer or employee of any of these, whether or not the discretion involved is abused.

In construing this statute, we have held that an action against a political subdivision based upon the performance or the failure to perform a discretionary function falls within the reach of the statute and is thus precluded. *See,* Bruttomesso v. Las Vegas Met. Police, 95 Nev. 151, 591 P.2d 254 (1979); County of Esmeralda v. Grogan, 94 Nev. 723, 587 P.2d 34 (1978); and LaFever v. City of Sparks, 88 Nev. 282, 496 P.2d 750 (1972). Here we find that the representations made by the district attorney's office were discretionary and within the scope of its authority. Therefore, the petitioner is immune from suit.

Accordingly, we order that a peremptory writ of mandate issue requiring the respondent court to dismiss said action against the petitioner.