LEO A. STEVENS, Appellant, *v.* JOHN S. McGIMSEY, Respondent.

No. 14593

December 20, 1983                                    673 P.2d 499

*Ordowski & Eads,* Las Vegas, for Appellant.

*Gerald W. Hardcastle,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment in favor of respondent John S. McGimsey, defendant in an action for damages brought by appellant. We reverse and remand for a full hearing on the merits.

McGimsey, District Attorney for Lincoln County, Nevada, drafted and filed two criminal complaints against appellant, charging forgery of an instrument, obtaining a signature by false pretense and recording a false instrument. These charges were eventually dismissed. Appellant then filed this action based primarily upon malicious prosecution. McGimsey filed a motion to dismiss under NRCP 12(b)(5) for failure to state a claim upon which relief can be granted. Because matters outside the pleadings were presented to and not excluded by the court, the motion was correctly treated as one for summary judgment and disposed of under NRCP 56. *See* NRCP 12(b), (c).

The court below granted summary judgment for respondent McGimsey on the ground that there was no genuine issue of material fact. The court based its determination on the rule that prosecutors acting within the scope of their quasi-judicial duties are protected by absolute immunity from claims arising from those acts. *See* Imbler v. Pachtman, 424 U.S. 409 (1976). Finding that the claim against McGimsey was based on the preparation and filing of charges against appellant, the district court assumed that such acts were within the scope of prosecutorial authority, and disposed of the claim accordingly.

Appellant contends that we should recognize an exception to the general rule of absolute prosecutorial immunity where a plaintiff alleges that a prosecutor has both an actual conflict of interest and knowledge that the charges filed are baseless. *See* Beard v. Udall, 648 F.2d 1264 (9th Cir. 1981); Jennings v. Shuman, 567 F.2d 1213, 1221-22 (3d Cir. 1977). We agree.

In Beard v. Udall, *supra,* the defendant was a prosecutor who maintained a private practice of law. The prosecutor was alleged to have filed criminal charges against the plaintiff for the purpose of furthering a civil suit which the prosecutor had filed for one of his private clients. It was also alleged that the

prosecutor knew that the charges were baseless. The Ninth Circuit held that where a prosecutor faces an actual conflict of interest, and files charges he or she knows to be baseless, the prosecutor is acting outside the scope of his or her authority and lacks immunity.

We are persuaded by the reasoning of the court in *Beard,* and we hereby recognize the limited exception to prosecutorial immunity established in that case. *See also* Jennings v. Shuman, *supra.*

In the present case appellant alleged that the charges against him were known to be baseless and that respondent was motivated by personal interest in filing these charges. From a review of the evidence presented to the district court on the motion for summary judgment, it is apparent that there are genuine issues of material fact which remain to be resolved as to the defense of prosecutorial immunity. Even the district court's order recognizes the existence of disputed facts. Accordingly, we order the summary judgment reversed and the cause remanded for further proceedings.