See also, 2006 WL 240896.

**Marcus D. MCANALLY, Jr.,**
**Plaintiff—Appellant,**

v.

**CLARK COUNTY, NEVADA,**
**Defendant—Appellee.**

No. 05–16958.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2009.

Filed March 20, 2009.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

---

**528**

Gloria M. Navarro, Esq., Clark County District Attorney's, Office Civil Division, Las Vegas, NV, for Defendant–Appellee.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM *

Marcus McAnally appeals from the district court's dismissal of his 42 U.S.C. § 1983 and state law claims. Because the parties are familiar with the facts and procedural history, we will not recount it here. We affirm in part and reverse in part.

### I

The district court correctly concluded that McAnally's § 1983 claims were barred by res judicata. Res judicata precludes the litigation of "any claims that were raised or could have been raised" in a previous lawsuit. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

McAnally's § 1983 allegations accrued before he filed his previous lawsuit. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) did not delay their accrual because the Supreme Court has rejected the suggestion that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." *Wallace v. Kato*, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The new

rules announced in *Wallace* apply retroactively to McAnally because the Supreme Court applied these rules to the parties in *Wallace*. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 752, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995) (when the Supreme Court announces a new legal rule and applies it to the parties in that case, the rule applies to all pending cases, even if those pending cases "involve predecision events"). McAnally is thus barred by res judicata from prosecuting them now.

We conclude that McAnally has not pled facts sufficient to sustain any remaining § 1983 allegations.

### II

We reverse the district court's dismissal of McAnally's state common law malicious prosecution claim. Nevada subscribes to the rule of *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), that "in initiating a prosecution and in presenting the State's case," prosecutors are absolutely immune from damages. *See Nevada v. Dist. Ct. (Ducharm)*, 118 Nev.609, 55 P.3d 420, 424 & n.17 (2002) (citing *Imbler*, 424 U.S. at 431, 96 S.Ct. 984). However, Nevada prosecutors enjoy only qualified immunity when functioning "primarily as an administrator or investigator." *Edgar v. Wagner*, 101 Nev. 226, 699 P.2d 110, 112 (1985) (per curiam).

To the extent that McAnally's complaint alleges improper actions of the prosecutor "in initiating a prosecution and presenting the State's case," we affirm the district court's grant of summary judgment based on absolute immunity.

However, McAnally's complaint also alleges improper investigatory acts,

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

specifically that during its investigation of him the Clark County District Attorney's office knew that he had committed no criminal violation. Read in the light most favorable to McAnally, as it must be at this stage, the complaint may state a cause of action under *Edgar* which would not have accrued until the dismissal of the criminal proceeding. McAnally's complaint otherwise alleges each element of a common law malicious prosecution claim. *See LaMantia v. Redisi,* 118 Nev. 27, 38 P.3d 877, 879 (2002). Clark County argues with some force that the actual actions by the prosecutor in this case do not constitute "investigatory" acts which would remove the prosecutor's absolute immunity protection. However, we decline to reach those factual issues for the first time on appeal. We also decline to interpret the legal contours of "investigatory" acts as described in *Edgar.*

### III

We affirm the district court's grant of summary judgment on McAnally's § 1983 claims. We affirm the district court's grant of absolute immunity as to the state common law claim of malicious prosecution to the extent that McAnally's complaint alleges actions of the prosecutor "in initiating a prosecution and presenting the State's case." We vacate the grant of summary judgment on McAnally's state common law claim of malicious prosecution to the extent that it alleges tortious investigatory acts within the meaning of *Edgar.* In reversing the grant of summary judgment on this basis, we do not express any opinion as to the merits of the claim, nor do we preclude the County from filing a renewed motion for summary judgment on a different theory. In remanding this

case, we also do not preclude that district court from issuing an order denying supplemental jurisdiction over the state claim, if it so chooses, now that we have affirmed judgment on the federal claim. 28 U.S.C. § 1367(c)(3); *Golden v. CH2M Hill Hanford Group, Inc.,* 528 F.3d 681, 684 (9th Cir.2008).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**