**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID BORUCHOWITZ, | No. 14-16299 |
| Plaintiff - Appellee, | D.C. No. 3:12-cv-00196-RCJ-VPC |
| v. | |
| ROBERT BETTINGER, individually and in his official capacity as Nye County Deputy District Attorney, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| And | |
| NYE COUNTY and ROBERT BECKETT, | |
| Defendants. | |

| | |
|---|---|
| DAVID BORUCHOWITZ, | No. 14-16350 |
| Plaintiff - Appellee, | D.C. No. 3:12-cv-00196-RCJ-VPC |
| v. | |
| ROBERT BECKETT, individually and in his former official capacity as Nye County District Attorney, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant - Appellant,

And

ROBERT BETTINGER, individually and in his official capacity as Nye County Deputy District Attorney and NYE COUNTY,

Defendants.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Submitted May 12, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Defendants Robert Beckett and Robert Bettinger, state prosecutors in Nye County, Nevada, brought an interlocutory appeal challenging the district court's order denying them summary judgment based on an immunity defense on a state law malicious prosecution claim. The district court had supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. We have jurisdiction over this interlocutory appeal of the district court's final order denying an immunity

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

defense under state law pursuant to 28 U.S.C. § 1291. *See Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 830 (9th Cir. 2006). Defendants' appeals are timely under Federal Rules of Appellate Procedure 4(a)(4)(A) and 26(a)(1)(C).

We review *de novo* the district court's denial of summary judgment based on its ruling that Nevada state law does not extend absolute immunity to prosecutors on common law claims of malicious prosecution. *See Tritchler v. Cty. of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004). The Nevada Supreme Court held in *Stevens v. McGimsey*, 673 P.2d 499 (Nev. 1983) (per curiam) that "prosecutors acting within the scope of their quasi-judicial duties are protected by absolute immunity from claims arising from those acts," except "where a plaintiff alleges that a prosecutor has both an actual conflict of interest and knowledge that the charges filed are baseless." *Id.* at 500. Two years later, the Nevada Supreme Court reaffirmed its decision that prosecutorial immunity does not shield against a state law claim for malicious prosecution, explaining that the court was "persuaded that prosecutors will not be adversely affected in their discharge of public duties by the application of the qualified immunity where the allegations suggest malicious prosecution." *Edgar v. Wagner*, 699 P.2d 110, 112 (Nev. 1985) (per curiam).

Defendants argue that the Nevada Supreme Court has implicitly overruled these holdings by adopting the U.S. Supreme Court's absolute immunity doctrine,

3

which they contend does not recognize any such exception to prosecutorial immunity. In support of their argument, Defendants point us to the Nevada Supreme Court's more recent decision in *State v. Second Judicial District Court ex rel. County of Washoe*, which clarified "the application of absolute quasi-judicial immunity" in Nevada, but took "no position regarding whether prosecutorial or discretionary immunity applie[d]" in that case. 55 P.3d 420, 423 & n.7, 427 (Nev. 2002) (per curiam). The holding in *Washoe* is not in direct conflict with the rule announced in *McGimsey*, as it reaffirmed that absolute immunity extends only insofar as a judicial officer is engaged in duties that are integral to the court's decision-making process—which does not include acts that could properly be characterized as malicious prosecution, such as filing baseless charges for personal gain or retribution. *See Washoe*, 55 P.3d at 426; *McGimsey*, 673 P.2d at 500.

Neither the Nevada Supreme Court nor this Court has explicitly recognized that *McGimsey* is no longer good law. *Cf. McAnally v. Clark Cty., Nevada*, 320 F. App'x 527 (9th Cir. 2009) (recognizing that Nevada state prosecutors enjoy absolute immunity except when performing administrative or investigative functions). Without further guidance from the Nevada Supreme Court, we are bound to follow its prior pronouncements. *See Cortez v. Skol*, 776 F.3d 1046, 1054

4

n.8 (9th Cir. 2015); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002).

We lack jurisdiction to review the district court's order denying Defendant Beckett's motion to decline supplemental jurisdiction or certify the immunity issue to the Nevada Supreme Court. An order denying a motion to dismiss or for alternative relief is not reviewable on interlocutory appeal unless the order is "inextricably intertwined" with or "necessary to ensure meaningful review of" the decision properly before this Court on appeal. *Swint v. Chambers*, 514 U.S. 35, 51 (1995); *Meredith v. Oregon*, 321 F.3d 807, 812 (9th Cir. 2003). The order denying the motion to dismiss or for alternative relief is not inextricably intertwined with the order denying summary judgment, as this Court must apply entirely different legal standards to review these two separate decisions. *See Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000). Nor is it necessary to review this order to ensure meaningful review of the judgment on appeal, as the district court's decision denying the motion to dismiss or for alternative relief does not implicate "the very power the district court used to issue the ruling" properly before the Court. *See Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) (quoting *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1134 (9th Cir. 2005)).

**AFFIRMED.**

*Boruchowitz v. Bettinger*, 14-16299, 14-16350

CHRISTEN, Circuit Judge, dissenting:

I write separately because, in my view, *Stevens v. McGimsey*, 673 P.2d 499 (Nev. 1983), is no longer good law in Nevada, and Defendants Bettinger and Beckett are entitled to absolute immunity from Boruchowitz's claims of malicious prosecution and civil conspiracy to commit malicious prosecution.

In *State v. Second Judicial District Court ex rel. County of Washoe*, the Nevada Supreme Court clarified when Nevada law affords absolute immunity. 55 P.3d 420, 423 (Nev. 2002) ("Because this case involves an important issue of law, we take this opportunity to clarify the application of absolute quasi-judicial immunity.") The court cited *Imbler v. Pachtman*, 424 U.S. 409 (1976), which established the test for absolute immunity applicable to malicious prosecution claims brought under 42 U.S.C. § 1983. *See id.* at 427 (recognizing that absolute immunity "leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty").

*Washoe* tracked *Imbler's* functional approach in which the availability of absolute immunity depends not on an individual's job title but on the function the individual served in the judicial process. *Washoe* observed that: (1) quasi-judicial immunity has been extended to prosecutors; (2) prosecutors receive quasi-judicial

1

immunity when initiating a prosecution and presenting the state's case; and (3) quasi-judicial immunity applies even against claims of malicious and corrupt action. *Washoe*, 55 P.3d at 424 & n.17. In my view, *Washoe*'s clarification of Nevada law on absolute immunity cannot be reconciled with the rule in *McGimsey*, which denies immunity for prosecutors performing their prosecutorial functions if they act maliciously. *See McGimsey*, 673 P.2d at 500.

The court in *Washoe* considered whether social workers who performed several different functions in the case were entitled to quasi-judicial immunity. *See Washoe*, 55 P.3d at 422. The court ultimately declined to extend the doctrine of quasi-judicial immunity to every action taken by a state employee while supervising the care of foster children. *See id.* at 426–27. In this context, I read the court's statement that petitioners "did not raise below and we take no position regarding whether prosecutorial or discretionary immunity applies to the claims set forth in this case," *id.* at 423 n.7, only as an indication that the court did not consider whether the social workers' conduct in pursuing a child protection case was entitled to immunity on the ground that it was analogous to a prosecutorial function. The disclaimer did not carve out prosecutorial immunity from the court's clarification of the law, and the court recognized that the absolute quasi-judicial immunity it described "has been extended to prosecutors." *Id.* at 424.

2

Understanding *Washoe* to abrogate *McGimsey* does not eliminate the tort of malicious prosecution under Nevada law, as the district court feared. Malicious prosecution claims may proceed (subject to qualified immunity) against prosecutors who step outside their prosecutorial role and act in an investigatory or administrative capacity. *See Edgar v. Wagner*, 101 Nev. 226, 228 (1985) (concluding prosecutor's assistance in preparing affidavit supporting arrest warrant was not a prosecutorial function and reversing dismissal of malicious prosecution claim). Malicious prosecution claims may also be brought against police officers who arrest without probable cause, *see, e.g., Krainski v. State*, No. 62841, 2015 WL 3494961, at *2 (Nev. May 29, 2015) (unpublished) (affirming grant of summary judgment in favor of police officers defending malicious prosecution claim based on illegal arrest because they had probable cause for the arrest), and against civilians who direct, request, or pressure police to commence criminal proceedings, *see Lester v. Buchanen*, 112 Nev. 1426, 1429 (1996) (affirming grant of summary judgment in favor of defendant video store because it did not direct, request, or pressure police to commence a criminal proceeding).

Because the district court found there is "no evidence that Defendants stepped outside of their prosecutorial roles," the rule in *Imbler* and *Washoe* affords them immunity from suit under Nevada law, even if the charges they brought

against Boruchowitz were baseless. For this reason, I would reverse the district

court on the issue of quasi-judicial immunity.[1]

---

[1] The district court's finding that no evidence suggests Defendants stepped outside their prosecutorial roles appeared to relate only to malicious prosecution. I would therefore remand for a finding on whether Defendants went beyond their prosecutorial roles for purposes of Boruchowitz's defamation claim.