MEMORANDUM **
Defendants Robert Beckett and Robert Bettinger, state prosecutors in Nye County, Nevada, brought an interlocutory appeal challenging the district court’s order denying them summary judgment based on an immunity defense on a state law malicious prosecution claim. The district court had supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. We have jurisdiction over this interlocutory appeal of the district court’s final order denying an immunity defense under state law pursuant to 28 U.S.C. § 1291. See Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 830 (9th Cir. 2006). Defendants’ appeals are timely under Federal Rules of Appellate Procedure 4(a)(4)(A) and 26(a)(1)(C).
We review de novo the district court’s denial of summary judgment based on its ruling that Nevada state law does *356 not extend absolute immunity to prosecutors on common law claims of malicious prosecution. See Tritchler v. Cty. of Lake, 358 F.3d 1150, 1154 (9th Cir. 2004). The Nevada Supreme Court held in Stevens v. McGimsey, 99 Nev. 840, 673 P.2d 499 (1983) (per curiam) that “prosecutors acting within the scope of their quasi-judicial duties are protected by absolute immunity from claims arising from those acts,” except “where a plaintiff alleges that a prosecutor has both an actual conflict of interest and knowledge that the charges filed are baseless.” Id. at 500. Two years later, the Nevada Supreme Court reaffirmed its decision that prosecutorial immunity does not shield against a state law claim for malicious prosecution, explaining that the court was “persuaded that prosecutors will not be adversely affected in their discharge of public duties by the application of the qualified immunity where the allegations suggest malicious prosecution.” Edgar v. Wagner, 101 Nev. 226, 699 P.2d 110, 112 (1985) (per curiam).
Defendants argue that the Nevada Supreme Court has implicitly overruled these holdings by adopting the U.S. Supreme Court’s absolute immunity doctrine, which they contend does not recognize any such exception to prosecutorial immunity. In support of their argument, Defendants point us to the Nevada Supreme Court’s more recent decision in State v. Second Judicial District Court ex rel. County of Washoe, which clarified “the application of absolute quasi-judicial immunity” in Nevada, but took “no position regarding whether prosecutorial or discretionary immunity applie[d]” in that case. 118 Nev. 609, 55 P.3d 420, 423 & n.7, 427 (2002) (per cu-riam). The holding in Washoe is not in direct conflict with the rule announced in MeGimsey, as it reaffirmed that absolute immunity extends only insofar as a judicial officer is engaged in duties that are integral to the court’s decision-making process—which does not include acts that could properly be characterized as malicious prosecution, such as filing baseless charges for personal gain or retribution. See Washoe, 55 P.3d at 426; McGimsey, 673 P.2d at 500.
Neither the Nevada Supreme Court nor this Court has explicitly recognized that McGimsey is no longer good law. Cf. McAnally v. Clark Cty., Nevada, 320 Fed. Appx. 527 (9th Cir. 2009) (recognizing that Nevada state prosecutors enjoy absolute immunity except when performing administrative or investigative functions). Without further guidance from the Nevada Supreme Court, we are bound to follow its prior pronouncements. See Cortez v. Skol, 776 F.3d 1046, 1054 n.8 (9th Cir. 2015); Hemmings v. Tidyman’s Inc., 285 F.3d 1174, 1203 (9th Cir. 2002).
We lack jurisdiction to review the district court’s order denying Defendant Beckett’s motion to decline supplemental jurisdiction or certify the immunity issue to the Nevada Supreme Court. An order denying a motion to dismiss or for alternative relief is not reviewable on interlocutory appeal unless the order is “inextricably intertwined” with or “necessary to ensure meaningful review of’ the decision properly before this Court on appeal. Swint v. Chambers, 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995); Meredith v. Oregon, 321 F.3d 807, 812 (9th Cir. 2003). The order denying the motion to dismiss or for alternative relief is not inextricably intertwined with the order denying summary judgment, as this Court must apply entirely different legal standards to review these two separate decisions. See Cunningham v. Gates, 229 F.3d 1271, 1285 (9th Cir. 2000). Nor is it necessary to review this order to ensure meaningful review of the judgment on appeal, as the district court’s decision denying the *357 motion to dismiss or for alternative relief does not implicate “the very power the district court used to issue the ruling” properly before the Court. See Melendres v. Arpaio, 695 F.3d 990, 997 (9th Cir. 2012) (quoting Hendricks v. Bank of Am., N.A., 408 F.3d 1127, 1134 (9th Cir. 2005)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.