CHRISTEN, Circuit Judge,
dissenting:
I write separately because, in my view, Stevens v. McGimsey, 99 Nev. 840, 673 P.2d 499 (1983), is no longer good law in Nevada, and Defendants Bettinger and Beckett are entitled to absolute immunity from Boruchowitz’s claims of malicious prosecution and civil conspiracy to commit malicious prosecution.
In State v. Second Judicial District Court ex rel. County of Washoe, the Nevada Supreme Court clarified when Nevada law affords absolute immunity. 118 Nev. 609, 55 P.3d 420, 423 (2002) (“Because this case involves an important issue of law, we take this opportunity to clarify the application of absolute quasi-judicial immunity.”) The court cited Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), which established the test for absolute immunity applicable to malicious prosecution claims brought under 42 U.S.C. § 1983. See id. at 427 (recognizing that absolute immunity “leavefs] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty”).
Washoe tracked Imbler ⅛ functional approach in which the availability of absolute immunity depends not on an individual’s job title but on the function the individual served in the judicial process. Washoe observed that: (1) quasi-judicial immunity has been extended to prosecutors; (2) prosecutors receive quasi-judicial immunity when initiating a prosecution and presenting the state’s case; and (3) quasi-judicial immunity applies even against claims of malicious and corrupt action. Washoe, 55 P.3d at 424 & n.17. In my view, Washoe ⅛ clarification of Nevada law on absolute immunity cannot be reconciled with the rule in McGimsey, which denies immunity for prosecutors performing their prosecutorial functions if they act maliciously. See McGimsey, 673 P.2d at 500.
The court in Washoe considered whether social workers who performed several different functions in the case were entitled to quasi-judicial immunity. See Washoe, 55 P.3d at 422. The court ultimately declined to extend the doctrine of quasi-judicial immunity to every action taken by a state employee while supervising the care of foster children. See id. at 426-27. In this context, I read the court’s statement that petitioners “did not raise below and we take no position regarding whether prose-cutorial or discretionary immunity applies to the claims set forth in this case,” id. at 423 n.7, only as an indication that the court did not consider whether the social workers’ conduct in pursuing a child protection case was entitled to immunity on the ground that it was analogous to a prosecu-torial function. The disclaimer did not carve out prosecutorial immunity from the court’s clarification of the law, and the court recognized that the absolute quasi-judicial immunity it described “has been extended to prosecutors.” Id. at 424.
Understanding Washoe to abrogate McGimsey does not eliminate the tort of malicious prosecution under Nevada law, as the district court feared. Malicious prosecution claims may proceed (subject to qualified immunity) against prosecutors who step outside their prosecutorial role and act in an investigatory or administrative capacity. See Edgar v. Wagner, 101 Nev. 226, 228, 699 P.2d 110 (1985) (concluding prosecutor’s assistance in preparing affidavit supporting arrest warrant was *358 not a prosecutorial function and reversing dismissal of malicious prosecution claim). Malicious prosecution claims may also be brought against police officers who arrest without probable cause, see, e.g., Krainski v. State, No. 62841, — Nev. —, 2015 WL 3494961, at *2 (Nev. May 29, 2015) (unpublished) (affirming grant of summary judgment in favor of police officers defending malicious prosecution claim based on illegal arrest because they had probable cause for the arrest), and against civilians who direct, request, or pressure police to commence criminal proceedings, see Lester v. Buchanen, 112 Nev. 1426, 1429, 929 P.2d 910 (1996) (affirming grant of summary judgment in favor of defendant video store because it did not direct, request, or pressure police to commence a criminal proceeding).
Because the district court found there is “no evidence that Defendants stepped outside of their prosecutorial roles,” the rule in Imbler and Washoe affords them immunity from suit under Nevada law, even if the charges they brought against Boru-chowitz were baseless. For this reason, I would reverse the district court on the issue of quasi-judicial immunity.[1]

. The district court’s finding that no evidence suggests Defendants stepped outside their prosecutorial roles appeared to relate only to malicious prosecution, I would therefore remand for a finding on whether Defendants went beyond their prosecutorial roles for purposes of Boruchowitz’s defamation claim. - •